1  FLETCHER C. ALFORD (SBN: 152314)
   falford@gordonrees.com
2  PHILLIP K. WANG (SBN: 186712)
   pwang@gordonrees.com
3  RYAN B. POLK (SBN: 230769)
   rpolk@gordonrees.com
4  GORDON & REES, LLP
   275 Battery Street, Suite 2000
5  San Francisco, California  94111
   Telephone:   (415) 986-5900
6  Facsimile:   (415) 986-8054

7  Attorneys for Plaintiff
   PUNTO OMEGA S.A. DE C.V.

8

*E-filing*

**ORIGINAL FILED**

JUL - 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9              UNITED STATES DISTRICT COURT

10    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

12  PUNTO OMEGA S.A. DE C.V., a Mexican  )    CASE NO.
    corporation,                        )
13                                       )    **CV 08 3190**
                       Plaintiff,        )    **COMPLAINT (FOR RECOGNITION OF**
14                                       )    **FOREIGN MONEY JUDGMENT)**
                                         )
15        vs.                            )
                                         )
16  JUAN ROBERTO BRITTINGHAM-            )
    AGUIRRE a/k/a JOHN ROBERT            )
17  BRITTINGHAM-AGUIRRE, an individual,  )
                                         )
                       Defendant.        )

18

19        Plaintiff PUNTO OMEGA S.A. DE C.V. ("Plaintiff") alleges:

20        1.     Plaintiff is and was at all times mentioned herein a corporation incorporated under

21  the laws of the United States of Mexico ("Mexico") having its principal place of business in

22  Nuevo Leon, Mexico.

23        2.     Defendant JUAN ROBERTO BRITTINGHAM-AGUIRRE a/k/a JOHN

24  ROBERT BRITTINGHAM-AGUIRRE ("Defendant") is, and at all times herein mentioned was,

25  a citizen of California who resides in Mendocino County, California.

26                              **JURISDICTION**

27        3.     The jurisdiction of this Court over the subject matter of this action is predicated

28  on 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000 exclusive of interest and

1   costs.

2   ## INTRADISTRICT ASSIGNMENT

3       4.    Venue is proper as Plaintiff seeks to enforce a previously entered judgment

4   against Defendant's property, a substantial part of which is located in Mendocino county.

5   ## CLAIM FOR RECOGNITION OF FOREIGN MONEY JUDGMENT (CALIFORNIA CODE CIV. PROC, § 1713 et seq.)

6

7       5.    At all times herein mentioned, the First Judicial District, Monterrey, Nuevo Leon,

8   Mexico ("First Judicial District"), was and now is a court of general jurisdiction.

9       6.    On or about July 12, 2007, a judgment was duly given and made by the above-

10   mentioned court in favor of Plaintiff ("Judgment"), a true and correct copy of which is attached

11   hereto as **Exhibit A** and incorporated by this reference. A true and correct copy of the certified

12   translated version of this judgment is attached as **Exhibit B** and incorporated by this reference.

13   Plaintiff hereby requests that the court take judicial notice of the record of these exhibits,

14   pursuant to Section 201 of the Federal Rules of Evidence.

15       7.    The Judgment has become final. It has never been vacated, modified, or set aside,

16   and the time for appeal has expired.

17       8.    The Judgment was rendered under a judicial system that provides impartial

18   tribunals or procedures compatible with the requirements of due process of law.

19       9.    The First Judicial District possessed jurisdiction over the subject matter and

20   personal jurisdiction over the Defendant.

21       10.    According to the terms of the above-mentioned Judgment, BARBARA JOAN

22   BRITTINGHAM-SADA and the TESTATE DISTRIBUTION PROCEEDINGS OF JUAN

23   ROBERTO BRITTINGHAM-MC LEAN, defendants in the proceedings before the First Judicial

24   District, recovered judgment against "intervenor third-party" JUAN ROBERTO

25   BRITTINGHAM-AGUIRRE, the Defendant herein, for the sum of $1,814,835.80 for "judicial

26   fees" and "Appeal procedures." BARBARA JOAN BRITTINGHAM-SADA and the TESTATE

27   DISTRIBUTION PROCEEDINGS OF JUAN ROBERTO BRITTINGHAM-MC LEAN have

28   assigned their claims to Plaintiff PUNTO OMEGA S.A. DE C.V., a Mexican corporation. The

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1   judgment bears interest at the rate of 9 percent per annum from July 12, 2007.

2        WHEREFORE, Plaintiff prays judgment as follows:

3        1.    For recognition of the Judgment rendered by the First Judicial District, such that it

4   is conclusive between the parties to the same extent as the judgment of a sister state is entitled to

5   full faith and credit in California and is enforceable in the same manner and to the same extent as

6   a judgment rendered in California.

7        2.    For the sum of $1,814,835.80, together with interest at the legal rate of 9 percent

8   per annum from July 12, 2007;

9        3.    For costs of suit herein incurred; and

10       4.    For such other and further relief as the court may deem proper.

11  Dated:  July 2, 2008                    GORDON & REES, LLP

12

13                                          By:  _____
                                                 Phillip K. Wang
14                                               Attorneys for Plaintiff
                                                 PUNTO OMEGA S.A. DE C.V.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

3

COMPLAINT FOR RECOGNITION OF FOREIGN MONEY JUDGMENT



JUDICIAL DEL
DE NUEVO LEÓN
O TERCERO DE
N CONCURRENTI
DISTRITO JUDICIAL
RREY N I

92

Monterrey Nuevo León, a 12-doce de Julio de 2007-dos mil siete.-

**VISTO:-** Para resolver Interlocutoriamente el Incidente de Liquidación de Gastos y Costas, que en Ejecución de Sentencia plantea JOSÉ ALFREDO CASTILLO FLORES, dentro del presente expediente judicial número 385/2000 relativo a la TERCERÍA EXCLUYENTE DE PREFERENCIA promovida por MARÍA DE JESÚS AGUIRRE MALDONADO en su carácter de Representante Legal de JUAN ROBERTO BRITTINGHAM AGUIRRE, en contra de BARBARA JOAN BRITTINGHAM SADA y la SUCESIÓN TESTAMENTARIA A BIENES DE JUAN ROBERTO BRITTINGHAM MC LEAN, Visto:- el escrito incidental, cuanto más consta en autos, convino, debió verse y:

## R E S U L T A N D O:-

**ÚNICO:-** Mediante escrito presentado ante esta Autoridad en fecha 13-trece de Marzo de 2007-dos mil siete, compareció JOSE ALFREDO CASTILLO FLORES en su carácter de Apoderado General para Pleitos y Cobranzas de la señora BARBARA JOAN BRITTTINGHAM SADA promoviendo Incidente de Liquidación de Gastos y Costas, expresando los hechos y consideraciones de derecho fundatorios de su acción accesoria. Admitido a trámite el mismo por esta Autoridad mediante auto de fecha 16-dieciséis de Marzo de 2007-dos mil siete, se ordenó dar vista de éste a la parte demandada, para que dentro del término legal de tres días manifestara, lo que a su derecho conviniera, quien no desahogo la vista ordenada con motivo de ello, y a solicitud del propio Incidentista el día 03-tres de Julio de 2007-dos mil siete, se ordenó el día 6-seis de Julio del presente año, pronunciar la sentencia interlocutoria correspondiente, la cual ha llegado el momento de pronunciar con apego a derecho y:

## C O N S I D E R A N D O:-

**PRIMERO: -** De conformidad con los artículos 1321, 1322, 1323 y demás relativos del Código de Comercio en vigor, las sentencias son definitivas e interlocutorias siendo las primeras las que deciden el negocio principal e interlocutorias, las que deciden un incidente, un artículo sobre excepciones dilatorias o una competencia.

**SEGUNDO: -** Los artículos 1085, 1086, 1087 y 1088 del Código de Comercio establecen que: las costas serán reguladas por la parte a cuyo favor se hubieren declarado. Presentada la regulación de las costas al Juez o tribunal ante el cual se hubieren causado, se dará vista de ella por tres días a la parte condenada, para que

a3

exprese su conformidad e inconformidad. Si nada expusiera dentro del término fijado la parte condenada, se decidirá el pago. Si en el término referido expresare no estar conforme, se dará vista de las razones que alegue a la parte que presentó la regulación la que dentro de igual término contestará a las observaciones hechas. En vista de lo que las partes hubiesen expuesto conforme al artículo anterior, el Juez o tribunal fallará lo que estime justo dentro del tercer día. De está decisión se admitirán los recursos que procedieren, según la instancia en que se encuentre el juicio y según la cantidad que importase la total regulación.

TERCERO: - En cuanto al derecho que tiene la parte actora para reclamar el pago de costas judiciales tenemos que esta se deriva de la sentencia definitiva dictada por está Autoridad con motivo del juicio en que se actúa, en que se condenó a la parte actora a pagar a la parte demandada los gastos y costas judiciales que se hayan originado con motivo de la tramitación de este juicio, resolución que causo ejecutoria según consta en autos, toda vez que fue confirmada mediante resolución de fecha 1-primero de Marzo de 2004-dos mil cuatro, emitida por el C. Magistrado de la Séptima Sala del H. Tribunal Superior de Justicia en el Estado, en los siguientes términos:- *SEXTO:- ... se condena al tercerista apelante, a pagar a la parte demandada, es decir, tanto a la Sucesión Testamentaria a bienes de Juan Roberto Brittingham McLean, como también a la C. Bárbara Joan Brittingham Sada, las costas que erogaron con motivo de su defensa en ambas instancias, previa su liquidación en ejecución de sentencia...",*

Con base a lo anterior y atendiendo a la liquidación formulada por el Incidentista, en primer término se tiene que el Incidentista justifica la calidad de Profesional del Derecho del Abogado Patrono mediante la exhibición de copia certificada de Título y Cédula Profesional expedida a favor del profesionista de nombre GERARDO GUADALUPE JIMÉNEZ CANTÚ expedidos por la Universidad Autónoma De Nuevo León, y por la Secretaria de Educación Pública Dirección General de Profesiones, respectivamente, así mismo anexa certificación en la que se hace constar que el Título Profesional citado se encuentra debidamente inscrito ante el Tribunal Superior de Justicia, documental a la cual se le concede valor probatorio pleno en términos de el artículo 1206 fracción II y 1237 del Código de Comercio, con lo que cumple satisfactoriamente el requisito impuesto por el artículo 4º. De la ley de Arancel de los Abogados del Estado.

En el caso a estudio encontramos una sentencia de fondo firme y definitiva, pasada en autoridad de cosa juzgada. Se impone establecer que el negocio que culminó en la sentencia que nos ocupa ha causado ejecutoria, es de índole o cuantía determinada, por lo que resulta aplicable el artículo 6 de la Ley de Arancel.

94

CIAL DEL
UEVO LEÓN
RCERO DE
ONCURRENT
RITO JUDICIAL
EV N1

para el ejercicio de la Abogacía Vigente en el Estado, en relación con el artículo 1083 del Código de Comercio.

Por lo examinado en la planilla que presenta se advierte que la misma la hace tomando como base la cantidad de **$12,096,012.00 ( DOCE MILLONES NOVENTA Y SEIS MIL DOCE DOLARES 00/100 MONEDA DE LOS ESTADOS UNIDOS DE AMÉRICA)** reclamada por el tercerista JUAN ROBERTO BRITTINGHAM AGUIRRE en su escrito inicial de demanda, en la que manifestaba tener mejor preferencia de crédito, respecto a los demandados BARBARA JOAN BRITTINGHAM SADA y la SUCESIÓN TESTAMENTARIA A BIENES DE JUAN ROBERTO BRITTINGHAM MC LEAN,. Ahora bien, el Incidentista a fin de acreditar que la paridad del Dólar Americano con el Peso Mexicano al día 13-trece de Marzo del 2007-dos mil siete es de $11.1483 (once pesos con un mil cuatrocientos ochenta y tres diez milésimos moneda nacional ), acompaña copia certificada por el Director del Archivo General del Estado, LIC. ARTEMIO BENAVIDES HINOJOSA de la parte del Diario Oficial de la Federación de fecha 13-trece de Marzo de 2007-dos mil siete; Así mismo anexa copia certificada por el Director del Archivo General del Estado LIC. ARTEMIO BENAVIDES HINOJOSA, en donde aparece publicado el salario mínimo general y profesional a partir de Enero de 2007-dos mil siete. documentales las cuales son de tomarse en cuenta en los términos de lo dispuesto por el artículo 1296 del Código de Comercio en Vigor.

El Incidentista argumenta que el valor de la Tercería promovida por JUAN ANTONIO BRITTINGHAM AGUIRRE excede por mucho las 1,800 cuotas previstas en el artículo 6 de la Ley Arancelaria Vigente en el Estado, a razón de la cuota de $49.00 (CUARENTA Y NUEVE PESOS 00/100 M. N.) que es el salario mínimo diario en esta zona económica a la fecha de presentación del incidente que nos ocupa, **señalando que resulta aplicable el 10%- diez por ciento sobre el valor del negocio**, esto es, $12,096,012 (DOCE MILLONES NOVENTA Y SEIS MIL DOCE DOLARES 00/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA ) equivalente a la cantidad de $1,209,601.20 (UN MILLÓN DOSCIENTOS NUEVE MIL SEISCIENTOS UN DOLARES 20/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA) o su equivalente en moneda nacional al tipo de cambio vigente en el momento del pago.

Al efecto, el Suscrito tiene a bien señalar que de la interpretación sistemática del artículo 6 de la Ley Arancelaria, lo correcto es aplicar los porcentajes señalados en el numeral en cita, y no el 10%- diez por ciento sobre el valor del negocio, como lo señala el Incidentista, quedando la cantidad de **$12,096,012.00 ( DOCE MILLONES NOVENTA Y SEIS MIL DOCE DOLARES 00/100 MONEDA DE LOS**

ESTADOS UNIDOS DE AMÉRICA ) para todos los efectos legales del procedimiento el monto de lo reclamado, atento al criterio que dice: "CUANTÍA DEL PLEITO".- Para establecer el interés de un negocio, para todos los efectos del procedimiento, debe tomarse en consideración exclusivamente, el monto líquido de lo que el actor reclame, sin tener en cuenta las prestaciones accesorias que no han sido liquidadas, mediante el correspondiente procedimiento legal. Pág. 333. Semanario Judicial de la Federación. Cuarta Parte. Tercera Sala. Apéndice 1917-1985.

Y en ese orden de ideas de acuerdo a lo dispuesto por el artículo 6º de la ley de Arancel de Abogados, resulta procedente la liquidación de este concepto que se efectúa en los términos siguientes:- Por el 20%-veinte por ciento de hasta 180-ciento ochenta cuotas le corresponde al actor la cantidad de $158.04 ( CIENTO CINCUENTA Y OCHO DOLARES 04/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA ); por el 15% quince por ciento sobre el excedente de 180-ciento ochenta cuotas hasta 1800-mil ochocientas le corresponde la cantidad de $ 1,066.77 (MIL SESENTA Y SEIS DOLARES 77/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA ), y por el 10% diez por ciento sobre el excedente de 1800-mil ochocientas cuotas hasta el total de lo adeudado, le corresponde la cantidad de $1'208,810.99 ( UN MILLON DOSCIENTOS OCHO MIL OCHOCIENTOS DIEZ DOLARES 99/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA ); resultando de la suma de estas tres cantidades resulta la de $1'210,035.80 ( UN MILLON DOSCIENTOS DIEZ MIL TREINTA Y CINCO DOLARES 80/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA ); cantidad la anterior a la que deberá condenarse a la parte demandada por concepto de costas judiciales con motivo de la tramitación del presente incidente, máxime que la parte demandada no opuso objeción alguna a la incidencia planteada.

Otro reclamo del Incidentista consiste en el 5%-cinco por ciento del valor del negocio con motivo del Recurso de Apelación interpuesto en contra de la Sentencia Definitiva, de conformidad con lo dispuesto por el artículo 16 del Arancel de Abogados reclamando por dicho concepto el pago de la cantidad de $604,800.00 (SEISCIENTOS CUATRO MIL OCHOCIENTOS DOLARES 60/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA) o su equivalente en moneda nacional al tipo de cambio vigente en el momento del pago.

Ahora bien, por lo que hace a la reclamación del 5%-cinco por ciento con motivo de la tramitación del Juicio de Amparo referido, en concepto de este Juzgador resulta improcedente tal reclamo en razón de que la normatividad del Juicio de Amparo, es un tema reservado al Congreso de la Unión, como Órgano



96

ICIAL DEL
UEVO LEÓN
ONCURRENTegislativo Federal. Siendo que en la Ley de Amparo no se contempla la
RITO JUDICIAL
RFY N Í condenación al pago de las costas y que el juicio de garantías no es una contienda
entre particulares que pudiera dar lugar a que se indemnice a la otra sus
erogaciones con motivo de la tramitación de un juicio; en esa virtud, no es
procedente condenar a la parte actora-formal al pago del 5%-cinco por ciento de la
suerte principal, con motivo del Juicio de Amparo tramitados en autos, no obstante
que en el artículo 16 de la ley Arancel de Abogados del Estado de Nuevo León se
autorice su cobro. Lo anterior con fundamento en la siguiente Tesis Jurisprudencial
emitida por nuestro máximo Tribunal la cual a la letra dice:- - - - - - - - - - - - - - - - - - -
- - - -

**COSTAS EN LA TRAMITACIÓN DE LOS JUICIOS DE AMPARO, NO ES
PROCEDENTE SU PAGO AUN CUANDO LAS LEGISLACIONES LOCALES LO
CONTEMPLEN.** Las costas constituyen una institución procesal contemplada en
los procedimientos civiles del sistema jurídico mexicano, por lo que su regulación no
corresponde a una materia reservada en exclusiva a la Federación, sino que se trata
de una materia genérica comprendida tanto en la ley federal como en la local, pues
la administración de justicia se surte en ambas esferas, que solamente se distinguen
en atención al fuero en que radica la jurisdicción; asimismo, tienen su origen en la
tramitación de un determinado juicio y, por ende, adquieren la naturaleza propia de
la jurisdicción o fuero de la ley procesal que rija la actuación de las partes ante el
órgano jurisdiccional que la aplica, y no puede regir a otro fuero o materia. En
congruencia con lo anterior, y tomando en consideración que lo relativo a la
normatividad del juicio de amparo, es un tema reservado al Congreso de la Unión,
como órgano legislativo federal, se concluye que también lo es, en todo caso, lo que
respecta a las costas en dicho juicio y, por tanto, aun cuando en las legislaciones
procesales locales o en los aranceles se autorice su cobro, éste no es procedente
porque, por un lado, la Ley de Amparo no contempla la condenación al pago de las
mencionadas costas y, por otro, porque el juicio de garantías no es una contienda
entre particulares que pudiera dar lugar a que una parte indemnice a la otra sus
erogaciones con motivo de la tramitación de un juicio injustificado, por lo que no
puede sostenerse que el quejoso que no obtiene la protección federal, deba pagar a
su colitigante, que es la propia autoridad, o al tercero perjudicado, gasto alguno, ya
que su aplicación es en toda la República, al regular el referido juicio constitucional,
que es el medio de defensa por el cual los tribunales de la Federación ejercen la
función de ser garantes de la Constitución, al resolver controversias suscitadas con
motivo de la violación de las garantías individuales contenidas en aquélla; por leyes
o actos de la autoridad federal que vulneren o restrinjan la soberanía de los Estados
y por actos o leyes de los Estados que invadan la esfera de competencia de la
autoridad federal. **Novena Época. Instancia:- Primera Sala. Fuente:- Semanario**

97

Judicial de la Federación y su Gaceta Tomo XVI, Septiembre de 2002 Tesis: 1ª. /J. 39/2002 Página: 101. Contradicción de tesis 5/2001-PS. Entre las sustentadas por el Tercer Tribunal Colegiado en Materia Civil del Tercer Circuito y el Primer Tribunal Colegiado del Décimo Quinto Circuito. 29 de mayo de 2002. Cinco votos. Ponente: Olga Sánchez Cordero de García Villegas. Secretario: Carlos Mena Adame.- - - - - - Tesis de jurisprudencia 39/2002. Aprobada por la Primera Sala de este Alto Tribunal, en sesión de veintinueve de mayo de dos mil dos, por unanimidad de cinco votos de los señores Ministros presidente: Juan N. Silva Meza, Juventino V. Castro y Castro, Humberto Román Palacios, José de Jesús Gudiño Pelayo y Olga Sánchez Cordero de García Villegas.

En tal virtud, se declara procedente el pago de la cantidad de $1'210,035.80 ( UN MILLÓN DOSCIENTOS DIEZ MIL TREINTA Y CINCO DOLARES 80/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA ); por concepto de gastos judiciales, con motivo de la tramitación del presente incidente,

Así mismo se declara procedente el reclamo del incidentista consiste en el 5%-cinco por ciento del valor del negocio con motivo del Recurso de Apelación interpuesto en contra de la Sentencia Definitiva, de conformidad con lo dispuesto por el artículo 16 del Arancel de Abogados, o sea, la cantidad de $604,800.00 (SEISCIENTOS CUATRO MIL OCHOCIENTOS DOLARES 60/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA) o su equivalente en moneda nacional al tipo de cambio vigente en el momento del pago. Máxime que la parte demandada no opuso objeción alguna a la incidencia planteada.

Como corolario de lo anterior, resulta procedente el presente Incidente de Liquidación de Costas, que en Ejecución de Sentencia plantea JOSÉ ALFREDO CASTILLO FLORES, JOSE ALFREDO CASTILLO FLORES en su carácter de Apoderado General para Pleitos y Cobranzas de la señora BARBARA JOAN BRITTTINGHAM SADA dentro del presente expediente judicial número 385/2000 relativo a la TERCERIA EXCLUYENTE DE PREFERENCIA promovida por MARIA DE JESÚS AGUIRRE MALDONADO en su carácter de Representante Legal de JUAN ROBERTO BRITTINGHAM AGUIRRE, en contra de BARBARA JOAN BRITTINGHAM SADA y la SUCESIÓN TESTAMENTARIA A BIENES DE JUAN ROBERTO BRITTINGHAM MC LEAN.

POR LO ANTERIORMENTE EXPUESTO Y FUNDADO, ES DE RESOLVERSE Y SE RESUELVE: -

98

R JUDICIAL DEL
DE NUEVO LEÓN
.0 TERCERO DE
ÓN CONCURRENTE
.R DISTRITO JUDICIAL
'TERREY N I

**PRIMERO:-** Se declara que el Incidentista acreditó parcialmente los hechos constitutivos de su acción incidental.

**SEGUNDO: -** Se declara procedente el presente Incidente de Liquidación de Costas, que en Ejecución de Sentencia plantea JOSE ALFREDO CASTILLO FLORES en su carácter de Apoderado General para Pleitos y Cobranzas de la señora BARBARA JOAN BRITTTINGHAM SADA dentro del presente expediente judicial número 385/2000 relativo a la TERCERIA EXCLUYENTE DE PREFERENCIA promovida por MARIA DE JESÚS AGUIRRE MALDONADO en su carácter de Representante Legal de JUAN ROBERTO BRITTINGHAM AGUIRRE, en contra de BARBARA JOAN BRITTINGHAM SADA y la SUCESIÓN TESTAMENTARIA A BIENES DE JUAN ROBERTO BRITTINGHAM MC LEAN. en consecuencia:

**TERCERO:-** Se condena al tercerista a pagar a la parte demandada la cantidad de $1'210,035.80 ( UN MILLON DOSCIENTOS DIEZ MIL TREINTA Y CINCO DOLARES 80/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA ); por concepto de costas judiciales con motivo de la tramitación del presente incidente, ,

**CUARTO:-** Se condena al tercerista a pagar a la parte demandada de la cantidad de $604,800.00 (SEISCIENTOS CUATRO MIL OCHOCIENTOS DOLARES 60/100 MONEDA DE LOS ESTADOS UNIDOS DE AMÉRICA) o su equivalente en moneda nacional al tipo de cambio vigente en el momento del pago, con motivo de la tramitación del Recurso de Apelación tramitado en autos.

**Notifíquese personalmente.-** Así, interlocutoriamente juzgando, lo resolvió y firma el C. Licenciado ABRAHAM GUILLEN SANDOVAL, Juez Tercero de Jurisdicción Concurrente del Primer Distrito Judicial en el Estado.- - - - - - DOY FE. C. SECRETARIO

Conste:- L' M. E. V. R.

LA RESOLUCIÓN QUE ANTECEDE SE PUBLICÓ EN EL BOLETÍN JUDICIAL NUMERO 4771 DEL 12 DE JULIO DEL AÑO 2007-DOS MIL SIETE. DOY FE.

C. SECRETARIO.

## Enedina María Moreno Quintanilla
### Certified Translator

I, ENEDINA MARIA MORENO QUINTANILLA, Certified Translator, authorized by the Superior Court of Justice of the State of Nuevo Leon, by means of Official Communication No. 574/2008, dated January 31st, 2008, hereby certify that the annexed document, with ninety seven one-sided printed pages, and two two-sided page, which bear my seal and signature, is to the best of my knowledge, a true and correct translation of the following document: **1) FIRST INSTANCE RULING TO CASE NUMBER 385/2000 PRONOUNCED BY THE EIGHTH CIVIL COURT IN THE FIRST JUDICIAL DISTRICT IN THE STATE OF NUEVO LEON, MEXICO; 2) FULFILLMENT OF THE SENTENCE IN A WRIT OF AMPARO CASE NUMBER 589/2002 PRONOUNCED BY THE FIRST CIVIL COLLEGIATE CIRCUIT COURT FOR THE FOURTH FEDERAL JUDICIAL DISTRICT IN MEXICO; 3) RESOLUTION ON AN ANCILLARY PROCEEDING FOR DETERMINATION OF EXPENSES AND FEES IN CASE NUMBER 385/2000 PRONOUNCED BY THIRD JUDGE CONCURRENT JURISDICTION OF THE FIRST JUDICIAL DISTRICT IN THE STATE OF NUEVO LEON, MEXICO; 4) APOSTILLE CERTIFIED BY MARCELA DENISSE LEAL-ALANIS, HEAD OF THE LEGALIZATIONS' OFFICE IN MONTERREY, NUEVO LEON, MEXICO.** This is a ninety seven one-sided page and two two-sided page document, written in Spanish, with Apostille attached.

This certification is issued in Monterrey, N.L., Mexico, on April 18th, 2008.-

*Nina M. de Rosso*

ENEDINA MARIA MORENO QUINTANILLA

> Enedina María Moreno Quintanilla
> Certified English - Spanish - English Translator
> Official Communication No. 574/2008
> January 31, 2008

Francisco Pizarro 125 Pte., Col. Mirasierra, Garza García, N.L., México 66240
Tel. (5281) 8338-4594, 8114-6866 - Cel. 04481-1048-4957
E-mail: ninarosso@gmail.com    enedina.moreno@tradu5.com


EXHIBIT "B"

(Seal)
JUDICIAL POWER OF THE STATE
OF NUEVO LEON
CONCURRENT JURISDICTION OF
THE FIRST JUDICIAL DISTRICT
Monterrey, N.L.

Monterrey, Nuevo Leon, on July 12th, 2007 – two thousand and seven.-

HAVING SEEN:- To resolve in an interlocutory manner the **Ancillary Proceeding for Determination of Expenses and Fees**, that in Enforcement of a Judgment **JOSE ALFREDO CASTILLO-FLORES**, files a complaint with current judicial file number **385/2000** pertaining to the **INTERVENTOR'S CLAIM ASSERTING PRIORITY RIGHT** brought by MARIA DE JESUS AGUIRRE MALDONADO acting as Legal Representative for **JUAN ROBERTO BRITTINGHAM-AGUIRRE**, against **BARBARA JOAN BRITTINGHAM-SADA** and the **TESTATE DISTRIBUTION PROCEEDING OF JUAN ROBERTO BRITTINGHAM-MC LEAN**, Having seen:- the written ancillary, included in court rulings, agreed upon, was viewed and:

## PARAGRAPHS OF THE COURTS DECISION:-

SOLE:- Through the document presented before this Authority on **March 13-thirteen, 2007-two thousand and seven**, JOSE ALFREDO CASTILLO-FLORES appeared before the court in his capacity as General Attorney for Collection and Litigation for Mrs. BARBARA JOAN BRITTINGHAM-SADA filing the **Ancillary Proceeding for Determination of Expenses and Fees**, expressing the facts and lawful considerations basis for his ancillary rights' of action. The document was admitted for proceedings by this Authority through court ruling dated **March 16-sixteen, 2007-two thousand and seven**, and it was ordered to give notice to the defendant party, so that within the three-day legal term, he/she would manifest that which is available under the Law, who did not respond to the notice issued on account of this order and, as requested by the Petitioner, on **July 03-three, 2007-two thousand seven**, on **July 6-six of the present year** it was ordered to pronounce the corresponding interlocutory judgment, for which the time has come to pronounce it in strictest compliance with the Law and:

## W H E R E A S:-

FIRST:- According to articles 1321, 1322, 1323, and others relating to the present Commercial Code, the judgments are definitive and interlocutory, the former defining the main controversy, and the latter, those which define an ancillary proceeding, the arguments of defense, an article about delayed exceptions or jurisdiction .

SECOND:- Articles 1085, 1086, 1087, and 1088 of the Commercial Code establish that: the court awarded fees shall be regulated by the party favored by the

court ruling. Once the fee regulations are presented before the Judge or court, the condemned party shall have three-day notice to express their conformity or inconformity. If nothing is exposed within the time limit set for the condemned part, payment shall be decided upon. If within the referred time limit there should be an inconformity, notice will be given, on the reasons alleged, to the party that presented the regulations, who within the same time limit shall contest the formulated observations. In view of that which the parties have presented according to the aforementioned article, the Judge or court will rule what they deem just within the third day. From this ruling, the pertinent resources shall be admitted, according to the lawsuit's current instance and according to the amount derived by the full regulation.

THIRD:- As for the right allotted to the Plaintiff to claim the payment of judicial fees, it is known that this is derived from the final and conclusive judgment dictated by this Authority for the purposes of the enacted judgment, in which the Plaintiff was condemned to pay the defendant the judicial expenses and fees originated by the lawsuit's procedures, ruling declaring final judgment according to the documents in file, since it was confirmed through resolution dated March 1-first, 2004-two thousand and four, emitted by the Magistrate of the Seventh Court of the State Supreme Court of Justice, on the following terms:- **SIXTH:- ...the appellant interventor is condemned to pay the defendant, that is both the Testate Distribution Proceeding of Juan Roberto Brittingham-Mc Lean and to Barbara Joan Brittingham-Sada, all fees incurred for purposes of their defense in both cases, previous liquidation to the enforcement of the judgment...".**

Based on the aforementioned and in regard to the liquidation formulated by the Petitioner of the Ancillary Claim, on first grounds it is known that the Petitioner justifies the capacity as Counselor-at-Law, through the submission of a certified copy of his Degree and License, issued to the professional lawyer GERARDO GUADALUPE JIMÉNEZ-CANTÚ, by Universidad Autónoma de Nuevo León, and by the Public Education Secretariat, General Department of Degrees, respectively, as well as an attached certification in which it is stated that the aforementioned Professional Degree is duly recorded before the Superior Court of Justice, documents in which full probatory value is granted in terms of article 1206, fraction 11 and 1237 of the Commercial Code, and satisfactorily meet the requirements imposed by article 4 of the law Schedule of Officially Authorized State Attorneys'

Fees

In the case under study, we find a firm, final and conclusive judgment, ruled in authority as a legally settled matter. It is important to establish that the controversy which ended in the judgment at hand has become final, of an undetermined amount, therefore is subjected to article 6 of the law for Schedule of Officially Authorized Fees

for the current practice of law within the State, in relation to article 1083 of the Commercial Code.

As examined on the form presented it is noted that the base amount taken is **$12,096,012.00 (TWELVE MILLION, NINETY-SIX THOUSAND, AND TWELVE DOLLARS 00/100 UNITED STATES OF AMERICA CURRENCY)**, claimed by third party JUAN ROBERTO BRITTINGHAM-AGUIRRE in the initial written lawsuit, in which it was stated he had better debt preference, with respect to the defendant's BARBARA JOAN BRITTINGHAM-SADA and the TESTATE DISTRIBUTION PROCEDURE of JUAN ROBERTO BRITTINGHAM-MC LEAN. Now, the Petitioner meaning to prove that the exchange rate between the U.S. Dollar and the Mexican Peso on March 13-thirteen, 2007-two thousand seven was $11.1483 (eleven pesos and one thousand four hundred eighty-three ten thousandths Mexican Currency) attaches a copy certified by the Director of the General State Archives, ARTEMIO BENAVIDES-HINOJOSA from the Federal Official Gazette dated March 13-thirteen, 2007-two thousand and seven; Also he attaches a copy certified by the Director of the General State Archives, ARTEMIO BENAVIDES-HINOJOSA where the general and professional minimum wage rates appear published, from January 2007-two thousand and seven, documents which are taken into account according to the terms established by article 1296 of the current Commercial Code.

The Petitioner argues that the value of the Interventor's Claim filed by JUAN ANTONIO BRITTINGHAM-AGUIRRE greatly exceeds the 1,800 fees foreseen in article 6 of the Officially Authorized State Tariff Law, at a rate of $49.00 (FORTY-NINE PESOS 00/100 MEXICAN CURRENCY) which is the daily minimum wage in this economic zone according to the date in which the Ancillary Proceeding was filed, **stating that 10%-ten percent on the court case value is applicable,** that is, $12,096,012 (TWELVE MILLION NINETY-SIX THOUSAND AND TWELVE DOLLARS 00/100 UNITED STATES OF AMERICA CURRENCY), equivalent to $1,209,601.20 (ONE MILLION TWO-HUNDRED AND NINE THOUSAND SIX-HUNDRED AND ONE DOLLARS 20/100 UNITED STATES OF AMERICA CURRENCY) or its equivalent in Mexican currency as per the current exchange rate at the time of payment.

To this effect, the Undersigned declares that from the systematic interpretation of article 6 of the Schedule of Officially Authorized Fees, the proper proceeding is to apply the indicated percentages in the quoted cipher, and not 10%-ten percent on the appraised court case value, as stated by the Petitioner, where **$12,096,012 (TWELVE MILLION NINETY-SIX THOUSAND AND TWELVE DOLLARS 00/100 UNITED STATES OF AMERICA CURRENCY)** remain for all legal purposes of the proceedings the claimed amount, according to the criteria which states: "LAWSUIT

AMOUNT".- To establish interest in a court case, for all intents and purposes in the proceedings, the liquid amount claimed by the petitioner is to be exclusively taken into consideration, without acknowledging the extra benefits that have not been liquidated, by means of the corresponding legal proceeding. Pg. 333, Weekly Federal Court Report, Part Four, Third Chamber, Appendix 1917-1985.

In that order of ideas, according to provisions in article 6 of the Schedule of Officially Authorized Attorneys' Fees, the liquidation of said concept is admitted under the following terms:- For 20%-twenty percent of up to 180 -one hundred and eighty fees, the petitioner is to be granted the following amount: $158.04 (ONE HUNDRED AND FIFTY-EIGHT DOLLARS 04/100 UNITED STATES OF AMERICA CURRENCY); for 15%-fifteen percent over a surplus of 180-one hundred and eighty fees up to 1800-one thousand eight hundred the corresponding amount is $1,066.77 (ONE THOUSAND AND SIXTY-SIX HUNDRED DOLLARS 77/100 UNITED STATES OF AMERICA CURRENCY), and for 10%-ten percent over a surplus of 180-one hundred and eighty fees up to 1800-one thousand eight hundred fees up to the total debt, the corresponding amount is $1'208,810.99 (ONE MILLION TWO HUNDRED AND EIGHT THOUSAND EIGHT HUNDRED AND TEN DOLLARS 99/100 UNITED STATES OF AMERICA CURRENCY); the sum of these three amounts results in **$1'210,035.80 (ONE MILLION TWO HUNDRED AND ONE THOUSAND AND THIRTY-FIVE DOLLARS 80/100 UNITED STATES OF AMERICA CURRENCY);** this previous amount shall be charged to the defendant as payment reference for judicial court awarded attorneys' fees, for purposes of the present lawsuit process, all the more since the defendant raised no objection to the established incidence.

Another claim stated by the Petitioner consists of the 5%-five percent of the appraised court case value due to the Appeal filed against the Final and Conclusive Judgment, in conformity to provisions in article 16 of the Schedule of Officially Authorized Attorneys' Fees, for said concept claiming payment of the amount of **$604,800.00 (SIX HUNDRED AND FOUR THOUSAND EIGHT HUNDRED DOLLARS 00/100 UNITED STATES OF AMERICA CURRENCY) or its equivalent in Mexican currency as per the current exchange rate at the time of payment.**

With regards to the claim of 5%-five percent made due to the referred Writ of Amparo[1], according to this Judge it results inadmissible in view of the fact that the regulation of a Writ of Amparo is a subject reserved for the Congress of the Union, as Federal Legislative Branch. Being that in the Amparo Law there is no contemplation for the payment of court awarded fees and the writ of Amparo is not a suit between private individuals, which might lead to compensate the other party its

---

[1] A "Writ of Amparo" is a federal trial to protect and uphold an individual's constitutional rights. This sort of trial was created to protect individuals from illegal and/or arbitrary actions by all levels of government entities, either municipal, state or federal

disbursements, due to court proceedings; in such virtue, it is not admissible to
sentence the plaintiff to pay 5%-five percent of the main court awarded fees, due to
the writ of Amparo processed in court rulings, notwithstanding the fact that article 16
of the Schedule of Officially Authorized Attorney's Fees in the State of Nuevo Leon
authorizes the payment. The former is based upon the following Jurisprudential
Thesis issued by our highest Court which to the letter states:- - - - -

**COURT AWARDED FEES FOR THE PROCEEDINGS OF THE WRITS OF
AMPARO. ITS PAYMENT IS NOT ADMISSIBLE EVEN WHEN LOCAL
LEGISLATURES ALLOWS IT.** The court awarded fees constitute an institutional
procedure which is contemplated within civil proceedings of the Mexican judicial
system, therefore its regulation does not correspond to a subject matter reserved
exclusively for the Federation, but to a generic subject matter included both within
federal and local law, for the administration of justice is served in both spheres, which
are solely distinguished from each other regarding the jurisdiction where it resides;
inasmuch, they have their origin in the proceedings of a determinate trial, and
therefore, acquire the jurisdiction's own nature of the procedural law that commands
the performance of the parts before the applicable jurisdictional branch, and cannot
rule another subject matter or jurisdiction. Congruent to the former, and considering
everything relative to the writ of Amparo regulations is a subject matter reserved for
the Congress of the Union, as legislative federal branch, it is concluded that it is also,
in any case, what corresponds to court awarded fees in said trial, and therefore, even
when in the local procedural legislations or in the authorized tariffs the charges are
allowed, this is inadmissible because, on the one side, the Amparo Law does not
contemplate subjecting the aforementioned fees for payment, and on the other,
because the writ of Amparo is not a settlement between private individuals, that may
lead to one party compensating the other's disbursements due to the proceeding of
an unjust trial, which is why it cannot be held that the plaintiff not receiving federal
protection, should pay his co-litigant, who is the Authority itself, or a necessary and
indispensable party, any expense, since it is applicable throughout the Republic, as it
regulates the referred constitutional trial, the medium of defense through which the
Federation courthouses exercise their function as warrantors of the Constitution, by
resolving controversies arising due to the violation of individual rights contained in it
by laws or actions of federal authority that infringe or restrict the sovereignty of the
States and by State actions or laws that invade the competency sphere of federal
authority. Ninth epoch. Instance:- First Chamber. Source: Weekly Federal Court
Report and its Gazette Issue XVI, September 2002 Thesis: 1st /J. 39/2002 Page:
101. Thesis Contradiction 5/2001-PS. Amongst those supported by the Third
Collegiate Court in Civil Matters of the Third Circuit and the First Collegiate
Court of the Fifteenth Circuit. May 29, 2002. Five Votes. Speaker: Olga Sánchez
Cordero de García-Villegas. Secretary: Carlos Mena-Adame.- - - - - - -

Jurisprudence thesis 39/2002. Approved by the First Chamber of this High Tribunal, in session on May twenty-nine, two thousand and two, by a five-vote unanimity from the Ministers: Juan N. Silva-Meza, Juventino V. Castro y Castro, Humberto Román-Palacios, José de Jesús Gudiño-Pelayo, and Olga Sánchez-Cordero de García-Villegas.

In virtue of the matter, payment is declared admissible for the amount of: **$1'210,035.80 (ONE MILLION TWO HUNDRED AND TEN THOUSAND AND THIRTY-FIVE DOLLARS 80/100 UNITED STATES OF AMERICA CURRENCY)**; payment reference to judicial expenses, due to the processing of the present ancillary proceeding.

Also, the Petitioner's claim consisting of 5%-five percent of the appraised court case value due to the Appeal filed against the Final and Conclusive Judgment is declared admissible, in conformity with provisions of article 16 of the Schedule of Officially Authorized Attorneys' Fees, that is, the amount of **$604,800.00 (SIX HUNDRED AND FOUR THOUSAND EIGHT HUNDRED DOLLARS 00/100 UNITED STATES OF AMERICA CURRENCY) or its equivalent in Mexican currency as per the current exchange rate at the time of payment.** All the more since the defendant raised no objection to the established incidence.

As corollary to the former, the present Ancillary Proceeding for Determination of Court Awarded Fees is admissible, which in Enforcement of a Judgment was filed by **JOSE ALFREDO CASTILLO-FLORES, JOSE ALFREDO CASTILLO-FLORES** in his capacity as Attorney General for Collection and Litigation for Mrs. BARBARA JOAN BRITTINGHAM-SADA within current judicial file number **385/2000** pertaining to the **INTERVENTOR'S CLAIM ASSERTING PRIORITY RIGHT** brought by MARIA DE JESUS AGUIRRE-MALDONADO acting  as Legal Representative for **JUAN ROBERTO BRITTINGHAM-AGUIRRE** against **BARBARA JOAN BRITTINGHAM-SADA** and the **TESTATE DISTRIBUTION PROCEEDING** of **JUAN ROBERTO BRITTINGHAM-MC LEAN.**

BY THE FORMERLY PRESENTED AND FOUNDED, IT IS TO BE RESOLVED AND IT IS RESOLVED:-

**FIRST:-** It is declared that the Petitioner has partially accredited the facts which constitute his ancillary cause of action.

**SECOND:-** The present Ancillary Proceeding for Determination of Court Awarded Fees is declared admissible, which in Enforcement of a Judgment was filed by **JOSE ALFREDO CASTILLO-FLORES**, in his capacity as General Attorney for Collection and Litigation for Mrs. BARBARA JOAN BRITTINGHAM-SADA within the

current judicial file number **385/2000** pertaining to the **INTERVENTOR'S CLAIM ASSERTING PRIORITY RIGHT** brought by MARIA DE JESUS AGUIRRE-MALDONADO acting as Legal Representative for **JUAN ROBERTO BRITTINGHAM-AGUIRRE** against **BARBARA JOAN BRITTINGHAM-SADA** and the **TESTATE DISTRIBUTION PROCEEDING of JUAN ROBERTO BRITTINGHAM-MCLEAN**. In consequence:

**THIRD:-** The intervenor third party is condemned to pay the defendant the amount of: **$1'210,035.80 (ONE MILLION TWO HUNDRED AND TEN THOUSAND AND THIRTY-FIVE DOLLARS 80/100 UNITED STATES OF AMERICA CURRENCY)**; as payment reference for court awarded judicial fees, due to the processing of the present ancillary proceeding.

**FOURTH:-** The intervenor's third party is condemned to pay the defendant the amount of: **$604,800.00 (SIX HUNDRED AND FOUR THOUSAND EIGHT HUNDRED DOLLARS 00/100 UNITED STATES OF AMERICA CURRENCY) or its equivalent in Mexican currency as per the current exchange rate at the time of payment**, due to the Appeal procedures processed in court rulings,

**Duly notify.-** So, by interlocutory judging, it was resolved and signed by MR. ABRAHAM GUILLEN-SANDOVAL, Third Judge Concurrent Jurisdiction of the First Judicial District in the State.- - - - - - I ATTEST.
SECRETARY

*Signature*                                *Signature*


Record:- L' M. E. V. R.

THE ANTECEDENT RESOLUTION WAS PUBLISHED
IN COURT BULLETIN NUMBER 4771 ON JULY 12TH,
2007-TWO THOUSAND SEVEN. I ATTEST.-
C. SECRETARY.

*Enedina Maria Moreno Quintanilla*
Certified English - Spanish - English Translator
Official Communication No. 574/2008
January 31, 2008

**(SEAL)**
**JUDICIAL POWER OF THE**
**STATE OF NUEVO LEON**
**SUPERIOR COURT OF**
**JUSTICE**

On April 15th, -fifteenth, 2008 –two thousand eight, I give notice to Mr. Gustavo Adolfo Guerrero-Gutiérrez, Magistrate President of the Superior Court of Justice of the State, with the certified copies issued on April 11th, -eleventh, 2008 –two thousand eight, in 98 ninety-eighth pages, taken from judicial file number 385/2000, relative to the Intervenor's Claim Asserting Priority Right, filed by Juan Roberto Brittingham-Aguirre, against Barbara Joan Brittingham-Sada, and the Testate Distribution Proceeding of Mr. Juan Roberto Brittingham MC Lean, contended before the Third Court of Concurrent Jurisdiction of the First Judicial District, with residence in Monterrey, Nuevo Leon, so as to certify the seal and signature of citizen Jose Octavio Zavala-Torres, secretary ascribed to the aforementioned court.

Monterrey, Nuevo Leon on April 15th fifteenth, 2008 two thousand eight.-

On account of the above, Mr. Gustavo Adolfo Guerrero-Gutiérrez, Magistrate President of the Superior Court of Justice of the State, assisted by Mr. Alberto Ortega-Peza, Court Rulings and Full Bench Secretary General of the Superior Court of Justice of the State, certifies and sets on record that the signature of the citizen Jose Octavio Zavala-Torres, secretary ascribed to the Third Court of Concurrent Jurisdiction of the First Judicial District, with residence in Monterrey, Nuevo León and seal of said justice court, appearing at the bottom of the certified copies issued onn April 11th eleventh, 2008 two thousand eighth, in 98 ninety eighth pages, taken from the judicial file number 385/2000, relative to the Intervenor's Claim Asserting Priority Right, filed by Juann Roberto Brittingham-Aguirre against Barbara Joan Brittingham-Sada and the Testate Distribution Proceeding of Mr. Juan Roberto Brittingham MC Lean, contended before the mentioned Court, were compared with the files kept in this court and their characteristics correspond to the ones utilized by the mentioned public servant in exercising his functions.- Notify.- It is so agreed and signed by Gustavo Adolfo Guerrero-Gutierrez, Magistrate President of the Superior Court of Justice of the State.- I attest.-

Enedina María Moreno Quintanilla
Certified English - Spanish - English Translator
Official Communication No. 574/2008
January 31, 2008

**JS 44** (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
PUNTO OMEGA S.A.DE C.V., a Mexican corporation

### DEFENDANTS
JUAN ROBERTO BRITTINGHAM-AGUIRRE a/k/a JOHN ROBERT BRITTINGHAM-AGUIRRE, an individual

**(b)** County of Residence of First Listed Plaintiff  Mendocino
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Fletcher C. Alford, Phillip K. Wang, Ryan B. Polk
Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111   (415) 986-5900

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332
Brief description of cause:
Claim for recognition of foreign money judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,814,835.80
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE
July 2, 2008

SIGNATURE OF ATTORNEY OF RECORD
Phillip K. Wang

American LegalNet, Inc.
www.FormsWorkflow.com

EBPO/1049888/5781092v.1

**JS 44** (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
PUNTO OMEGA S.A. DE C.V., a Mexican corporation

**(b)** County of Residence of First Listed Plaintiff   Mendocino
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Fletcher C. Alford, Phillip K. Wang, Ryan B. Polk
Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111   (415) 986-5900

### DEFENDANTS
JUAN ROBERTO BRITTINGHAM-AGUIRRE a/k/a JOHN
ROBERT BRITTINGHAM-AGUIRRE, an individual

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities – Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332
Brief description of cause:
Claim for recognition of foreign money judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,814,835.80
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE
July 2, 2008

SIGNATURE OF ATTORNEY OF RECORD
Phillip K. Wang

American LegalNet, Inc.
www.FormsWorkflow.com

EBPO/1049888/5781092v.1