1  FLETCHER C. ALFORD  (SBN: 152314)
   falford@gordonrees.com
2  PHILLIP K. WANG  (SBN: 186712)
   pwang@gordonrees.com
3  RYAN B. POLK (SBN: 230769)
   rpolk@gordonrees.com
4  GORDON & REES, LLP
   275 Battery Street, Suite 2000
5  San Francisco, California  94111
   Telephone:    (415) 986-5900
6  Facsimile:    (415) 986-8054

7  Attorneys for Plaintiff
   PUNTO OMEGA S.A. DE C.V.

8

9              UNITED STATES DISTRICT COURT

10    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12 | PUNTO OMEGA S.A. DE C.V., a Mexican corporation, | ) | CASE NO. 08-CV-03190-PJH
13 | | ) | **NOTICE OF MOTION AND MOTION
   | Plaintiff, | ) | TO RECOGNIZE FOREIGN
14 | | ) | JUDGMENT; MEMORANDUM OF
   | vs. | ) | POINTS AND AUTHORITIES**
15 | | ) |
   | JUAN ROBERTO BRITTINGHAM- | ) | Date:   October 29, 2008
16 | AGUIRRE a/k/a JOHN ROBERT | ) | Time:   9:00 a.m.
   | BRITTINGHAM-AGUIRRE, an individual, | ) | Place:  Ctrm. 3, 17th Floor
17 | | ) |          450 Golden Gate Ave.
   | Defendant. | ) |          San Francisco, CA 94102
18 | | ) | Judge:  Hon. Phyllis J. Hamilton

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on October 29, 2008 at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at Courtroom 3, 450 Golden Gate Avenue, San Francisco, California, in the courtroom of The Honorable Phyllis J. Hamilton, Plaintiff will and hereby does move the Court for recognition of a judgment rendered against Defendant by a national Mexican court.

This motion seeks relief pursuant to the California Foreign-Country Money Judgments Act. Cal. Civ. Code § 1713 et seq. It is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the declarations of Carlos Alberto Coronado Acosta and Barbara Joan Brittingham-Sada, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: September 3, 2008          GORDON & REES, LLP


                                  By:   /s/ Phillip K. Wang
                                        Phillip K. Wang
                                        Attorneys for Plaintiff
                                        PUNTO OMEGA S.A. DE C.V.


## I.    INTRODUCTION

This is a suit to recognize (and collect on) a judgment rendered against Defendant by a national Mexican court.

As described in the Mexican judgment at issue, this action arises from a suit that Defendant instituted in Monterrey, Nuevo Leon, Mexico against his half-sister Barbara Joan Brittingham-Sada. That suit concerned Defendant's effort to have his judgment against the Mexican executor of their father's (Juan Roberto Brittingham McLean's) estate declared to have a higher priority than Ms. Brittingham's judgment against the estate.   The Mexican court's denied Defendant's claim and declared that Ms. Brittingham's judgment has priority over Defendant's judgment. The trial court awarded Ms. Brittingham a judgment against Defendant for her attorneys fees. Defendant appealed and lost. Ms. Brittingham was awarded additional

attorneys fees on appeal, and she recovered a final judgment against Defendant in the principal

amount of $1,814,835.80 (USD).

Ms. Brittingham has since assigned her judgment to Plaintiff Punto Omega S/A/ de C.V.,

a Mexican corporation.  Punto Omega owns that judgment.  Defendant has not paid any amounts

against that judgment, which remains fully unsatisfied.

## II.   RELEVANT PROCEDURAL HISTORY

On or about July 12, 2007, the First Judicial District, Monterrey, Nuevo Leon, Mexico

entered a judgment in favor of the predecessor-in-interest to plaintiff PUNTO OMEGA S.A. DE

C.V. ("Plaintiff").[1]  The judgment provides that defendant Juan Roberto Brittingham-Aguirre

("Defendant") pay Barbara Joan Brittingham-Sada, Plaintiff's predecessor-in-interest, as follows:

> [Defendant] is condemned to pay [Barbara Joan Brittingham-Sada] the amount of **$1,210,035.80 (ONE MILLION TWO HUNDRED [sic] TEN THOUSAND [sic] THIRTY-FIVE DOLLARS 80/100 UNITED STATES OF AMERICA CURRENCY)**; as payment reference for court awarded judicial fees, due to the processing of the present ancillary proceeding.
>
> [Defendant] is condemned to pay [Barbara Joan Brittingham-Sada] the amount of: **$604,800.00 (SIX HUNDRED [sic] FOUR THOUSAND EIGHT HUNDRED DOLLARS 00/100 UNITED STATES OF AMERICAN CURRENCY) or its equivalent in Mexican currency as per the current exchange rate at the time of payment**, due to Appeal procedures processed in court rulings[.][2]

Approximately one year later, Barbara Joan Brittingham-Sada assigned her claim

to Plaintiff.[3]  Filed contemporaneously with the instant motion is Plaintiff's amended

complaint seeking recognition of the foregoing judgment pursuant to California's

Foreign-Country Money Judgment Act (the "Act").  Cal. Code Civ. Proc. § 1713 et seq.

## III.   LEGAL ARGUMENT

Where, as here, jurisdiction rests upon diversity of citizenship, the substantive law of

California is applied to determine the effect of a foreign judgment.  *The Society of Lloyd's v.*

*Byrens*, 2003 U.S.Dist. LEXIS 26719 (S.D. Cal. 2003).  Under California law, the Foreign-

Country Money Judgments Act applies to all actions commenced on or after January 1, 2008, in

---

[1] Declaration of Barbara Joan Brittingham-Sada in Support of Motion to Recognize Foreign Judgment ("Brittingham-Sada Dec."), Exhibits A and B.

[2] Brittingham-Sada Dec. at Exhibit A.

[3] Brittingham-Sada Dec. at Exhibit C; Amended Complaint at ¶ 8.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA  94111

which the issue or recognition of a foreign-county judgment is raised.  Cal. Code Civ. Proc. §

1724(a).[4]  A "foreign-country judgment" is defined as a judgment of a court of a foreign country.

Cal. Code Civ. Proc. § 1714(b).  A "foreign country" is defined as a government other than the

United States; a state, district, commonwealth, territory, or insular possession of the United

States; or any other government with regard to which the decision in California as to whether to

recognize a judgment of that government's courts is initially subject to determination under the

Full Faith and Credit Clause of the United States Constitution.  Cal. Code Civ. Proc. § 1714.

The Act, however, only applies to a foreign-country judgment that: (1) grants or denies

recovery of a sum of money; and (2) is final, conclusive, and enforceable under the law of the

foreign country where rendered.  Cal. Code Civ. Proc. § 1715(a).  If both requirements are met,

the judgment is entitled to full faith and credit in the same manner as a sister state money

judgment.  *Lloyd's*, 2003 U.S.Dist. LEXIS 26719.  It is the party seeking recognition of a

foreign-country judgment who has the burden of establishing that the foreign-country judgment

is entitled to recognition.  Cal. Code Civ. Proc. § 1715(c).

Plaintiff has clearly met that burden in this matter.  First, the judgment sought to be

recognized here is one that "grant[s] . . . a sum of money."  Cal. Civ. Proc. § 1715(a)(1).  Indeed,

the judgment plainly indicates that defendant is to pay $1,210,035.80 "as payment [] for court

awarded judicial fees" and $604,800.00 "due to the Appeal procedures processed in court

rulings."[5]  Second, as explained by Carlos Alberto Coronado Acosta, a Mexican attorney familiar

with this case, the judgment is "final, conclusive, and enforceable" under the laws of Mexico.[6]

Because both requirements for recognition under the Act are satisfied here the judgment is

entitled to full faith and credit and is thus entitled to recognition.[7]

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA  94111

---

[4]  The former Foreign-Country Money Judgments Act (former Cal. Code Civ. Proc. § 1713 et
seq. (repealed 1/1/08)) continues to apply to all actions commenced before January 1, 2008, in
which the issue or recognition of a foreign-country judgment is raised.  Cal. Code Civ. Proc. §
1724(b).
[5]  Brittingham-Sada Dec., Ex. A.
[6]  Declaration of Carlos Alberto Coronado Acosta in Support of Motion to Recognize Judgment
("Coronado Acosta Dec.") at ¶ 6.
[7]  It also worth noting that this is *not* a judgment for taxes, a fine or other penalty, or a judgment
for divorce, support, or maintenance, or other judgment rendered in connection with domestic
relations – none of which are enforceable under the Act.  Cal. Civ. Proc. § 1715(b); Coronado

4

## IV.    CONCLUSION

As set forth above, the judgment is entitled to full faith and credit under the Act.  Plaintiff respectfully requests that this Court "recognize" the judgment so that it is conclusive between the parties and enforceable in the same manner and to the same extent as a judgment rendered in this state.  Cal. Code Civ. Proc. § 1719.

Dated:  September 3, 2008

GORDON & REES, LLP

By:    /s/ Phillip K. Wang
        Phillip K. Wang
Attorneys for Plaintiff
PUNTO OMEGA S.A. DE C.V.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Acosta Dec at ¶ 5.  Further, given that Defendant participated in the Mexican proceedings as an "intervenor," it is not subject to dispute that he had sufficient notice of those proceedings.  *See* Cal. Code Civ. Proc. § 1716(c)(1).

5

EBPO/1049888/5863070v.1

1  FLETCHER C. ALFORD  (SBN: 152314)
   falford@gordonrees.com
2  PHILLIP K. WANG  (SBN: 186712)
   pwang@gordonrees.com
3  RYAN B. POLK (SBN: 230769)
   rpolk@gordonrees.com
4  GORDON & REES, LLP
   275 Battery Street, Suite 2000
5  San Francisco, California  94111
   Telephone:   (415) 986-5900
6  Facsimile:    (415) 986-8054

7  Attorneys for Plaintiff
   PUNTO OMEGA S.A. DE C.V.

8

9              UNITED STATES DISTRICT COURT

10   NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11  PUNTO OMEGA S.A. DE C.V., a Mexican    )  CASE NO. 08-CV-03190-PJH
    corporation,                           )
12                                         )  **DECLARATION OF BARBARA JOAN**
                                           )  **BRITTINGHAM-SADA IN SUPPORT**
13                         Plaintiff,      )  **OF MOTION TO RECOGNIZE**
                                           )  **FOREIGN JUDGMENT**
14          vs.                            )
                                           )  Date:   October 29, 2008
15  JUAN ROBERTO BRITTINGHAM-              )  Time:   9:00 a.m.
    AGUIRRE a/k/a JOHN ROBERT              )  Place:  Ctrm. 3, 17th Floor
16  BRITTINGHAM-AGUIRRE, an individual,    )          450 Golden Gate Ave.
                                           )          San Francisco, CA 94102
17                         Defendant.      )  Judge:  Hon. Phyllis J. Hamilton
    _____    )

18

19          I, Barbara Joan Brittingham-Sada, declare:

20          1.      I have personal knowledge of the matters stated in this declaration and I could

21  competently testify thereto if called as a witness.

22          2.      On or about July 12, 2007, the First Judicial District, Monterrey, Nuevo Leon,

23  Mexico entered a Judgment (the "Judgment") in my favor against Defendant Juan Roberto

24  Brittingham-Aguirre.  The Judgment requires Defendant to pay me $1,814,835.80 (U.S. Dollars).

25  A true and correct copy of the translated Judgment is attached to this declaration as Exhibit A

26  and a true and correct copy of the original Judgment, which is in Spanish, is attached to this

27  declaration as Exhibit B.

28          3.      This is an action to recognize (and collect on) a judgment rendered against

                                        1

EBPO/1049888/5864220v.1

DECLARATION OF BARBARA JOAN BRITTINGHAM-SADA IN SUPPORT OF
MOTION TO RECOGNIZE FOREIGN JUDGMENT                    CASE NO. 08-CV-03190-PJH

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendant Juan Roberto Brittingham-Aguirre a/k/a John Robert Brittingham-Aguirre

2  ("Defendant") by a national Mexican court. As described in the Mexican judgment at issue, this

3  action arises from a lawsuit that Defendant instituted in Monterrey, Nuevo Leon, Mexico against

4  me, his half-sister. That lawsuit concerned Defendant's effort to have his judgment against the

5  Mexican executor of our father's (Juan Roberto Brittingham McLean's) estate declared to have a

6  higher priority than my judgment against the estate. The Mexican court denied Defendant's

7  claim and declared that my judgment has priority over Defendant's judgment. The trial court

8  awarded me a judgment against Defendant for my attorneys' fees. Defendant appealed and lost.

9  I was awarded additional attorneys' fees on appeal, and recovered a final judgment against

10  Defendant in the principal amount of USD $1,814,835.80.

11      4.      Approximately one year after the Judgment was issued, I assigned my interest in

12  the judgment to Plaintiff Punto Omega S.A. De C.V., a Mexican Corporation. A true and correct

13  copy of the Assignment is attached to this declaration as Exhibit C. Punto Omega owns that

14  judgment. Defendant has not paid any amounts against that judgment, which remains fully

15  unsatisfied.

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

2

1    I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true and correct.

3    Executed this 25 day of August, 2008 at MORAGA,    CALIFORNIA USA.

4

5

6    Barbara Joan Brittingham-Sada

7

8

9

10

11

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA  94111

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

DECLARATION OF BARBARA JOAN BRITTINGHAM-SADA IN SUPPORT OF
MOTION TO RECOGNIZE FOREIGN JUDGMENT    CASE NO. 08-CV-03190-PJH

EXHIBIT "A"
JUDGMENT

## Enedina María Moreno Quintanilla
### Certified Translator

I, ENEDINA MARIA MORENO QUINTANILLA, Certified Translator, authorized by the Superior Court of Justice of the State of Nuevo Leon, by means of Official Communication No. 574/2008, dated January 31st, 2008, hereby certify that the annexed document, with ninety seven one-sided printed pages, and two two-sided page, which bear my seal and signature, is to the best of my knowledge, a true and correct translation of the following document: 1) FIRST INSTANCE RULING TO CASE NUMBER 385/2000 PRONOUNCED BY THE EIGHTH CIVIL COURT IN THE FIRST JUDICIAL DISTRICT IN THE STATE OF NUEVO LEON, MEXICO; 2) FULFILLMENT OF THE SENTENCE IN A WRIT OF AMPARO CASE NUMBER 589/2002 PRONOUNCED BY THE FIRST CIVIL COLLEGIATE CIRCUIT COURT FOR THE FOURTH FEDERAL JUDICIAL DISTRICT IN MEXICO; 3) RESOLUTION ON AN ANCILLARY PROCEEDING FOR DETERMINATION OF EXPENSES AND FEES IN CASE NUMBER 385/2000 PRONOUNCED BY THIRD JUDGE CONCURRENT JURISDICTION OF THE FIRST JUDICIAL DISTRICT IN THE STATE OF NUEVO LEON, MEXICO; 4) APOSTILLE CERTIFIED BY MARCELA DENISSE LEAL-ALANIS, HEAD OF THE LEGALIZATIONS' OFFICE IN MONTERREY, NUEVO LEON, MEXICO. This is a ninety seven one-sided page and two two-sided page document, written in Spanish, with Apostille attached.

This certification is issued in Monterrey, N.L., Mexico, on April 18th, 2008.-

_Nina M. de Rosso_

ENEDINA MARIA MORENO QUINTANILLA

Enedina María Moreno Quintanilla
Certified English - Spanish - English Translator
Official Communication No. 574/2008
January 31, 2008

Francisco Pizarro 125 Pte., Col. Mirasierra, Garza García, N.L., México 66240
Tel. (5281) 8338-4594, 8114-6866 - Cel. 04481-1048-4957
E-mail: ninarosso@gmail.com  enedina.moreno@tradu5.com

*(Seal)*
JUDICIAL POWER OF THE STATE
OF NUEVO LEON
CONCURRENT JURISDICTION OF
THE FIRST JUDICIAL DISTRICT
Monterrey, N.L.

Monterrey, Nuevo Leon, on July 12th, 2007 – two thousand and seven.-

HAVING SEEN:- To resolve in an interlocutory manner the **Ancillary Proceeding for Determination of Expenses and Fees**, that in Enforcement of a Judgment  JOSE ALFREDO CASTILLO-FLORES, files a complaint with current judicial file number **385/2000** pertaining to the **INTERVENTOR'S CLAIM ASSERTING PRIORITY RIGHT** brought by MARIA DE JESUS AGUIRRE MALDONADO acting as Legal Representative for **JUAN ROBERTO BRITTINGHAM-AGUIRRE**, against **BARBARA JOAN BRITTINGHAM-SADA** and the **TESTATE DISTRIBUTION PROCEEDING OF JUAN ROBERTO BRITTINGHAM-MC LEAN**, Having seen:- the written ancillary, included in court rulings, agreed upon, was viewed and:

## PARAGRAPHS OF THE COURTS DECISION:-

SOLE:- Through the document presented before this Authority on **March 13-thirteen, 2007-two thousand and seven**, JOSE ALFREDO CASTILLO-FLORES appeared before the court in his capacity as General Attorney for Collection and Litigation for Mrs. BARBARA JOAN BRITTINGHAM-SADA filing the **Ancillary Proceeding for Determination of Expenses and Fees**, expressing the facts and lawful considerations basis for his ancillary rights' of action. The document was admitted for proceedings by this Authority through court ruling dated **March 16-sixteen, 2007-two thousand and seven**, and it was ordered to give notice to the defendant party, so that within the three-day legal term, he/she would manifest that which is available under the Law, who did not respond to the notice issued on account of this order and, as requested by the Petitioner, on **July 03-three, 2007-two thousand seven**, on **July 6-six of the present year** it was ordered to pronounce the corresponding interlocutory judgment, for which the time has come to pronounce it in strictest compliance with the Law and:

## W H E R E A S:-.

FIRST:- According to articles 1321, 1322, 1323, and others relating to the present Commercial Code, the judgments are definitive and interlocutory, the former defining the main controversy, and the latter, those which define an ancillary proceeding, the arguments of defense, an article about delayed exceptions or jurisdiction .

SECOND:- Articles 1085, 1086, 1087, and 1088 of the Commercial Code establish that: the court awarded fees shall be regulated by the party favored by the

court ruling. Once the fee regulations are presented before the Judge or court, the condemned party shall have three-day notice to express their conformity or inconformity. If nothing is exposed within the time limit set for the condemned part, payment shall be decided upon. If within the referred time limit there should be an inconformity, notice will be given, on the reasons alleged, to the party that presented the regulations, who within the same time limit shall contest the formulated observations. In view of that which the parties have presented according to the aforementioned article, the Judge or court will rule what they deem just within the third day. From this ruling, the pertinent resources shall be admitted, according to the lawsuit's current instance and according to the amount derived by the full regulation.

THIRD:- As for the right allotted to the Plaintiff to claim the payment of judicial fees, it is known that this is derived from the final and conclusive judgment dictated by this Authority for the purposes of the enacted judgment, in which the Plaintiff was condemned to pay the defendant the judicial expenses and fees originated by the lawsuit's procedures, ruling declaring final judgment according to the documents in file, since it was confirmed through resolution dated March 1-first, 2004-two thousand and four, emitted by the Magistrate of the Seventh Court of the State Supreme Court of Justice, on the following terms:- **SIXTH:- ...the appellant interventor is condemned to pay the defendant, that is both the Testate Distribution Proceeding of Juan Roberto Brittingham-Mc Lean and to Barbara Joan Brittingham-Sada, all fees incurred for purposes of their defense in both cases, previous liquidation to the enforcement of the judgment...".**

Based on the aforementioned and in regard to the liquidation formulated by the Petitioner of the Ancillary Claim, on first grounds it is known that the Petitioner justifies the capacity as Counselor-at-Law, through the submission of a certified copy of his Degree and License, issued to the professional lawyer GERARDO GUADALUPE JIMÉNEZ-CANTÚ, by Universidad Autónoma de Nuevo León, and by the Public Education Secretariat, General Department of Degrees, respectively, as well as an attached certification in which it is stated that the aforementioned Professional Degree is duly recorded before the Superior Court of Justice, documents in which full probatory value is granted in terms of article 1206, fraction 11 and 1237 of the Commercial Code, and satisfactorily meet the requirements imposed by article 4 of the law Schedule of Officially Authorized State Attorneys'

In the case under study, we find a firm, final and conclusive judgment, ruled in authority as a legally settled matter. It is important to establish that the controversy which ended in the judgment at hand has become final, of an undetermined amount, therefore is subjected to article 6 of the law for Schedule of Officially Authorized Fees

for the current practice of law within the State, in relation to article 1083 of the Commercial Code.

As examined on the form presented it is noted that the base amount taken is **$12,096,012.00 (TWELVE MILLION, NINETY-SIX THOUSAND, AND TWELVE DOLLARS 00/100 UNITED STATES OF AMERICA CURRENCY)**, claimed by third party JUAN ROBERTO BRITTINGHAM-AGUIRRE in the initial written lawsuit, in which it was stated he had better debt preference, with respect to the defendant's BARBARA JOAN BRITTINGHAM-SADA and the TESTATE DISTRIBUTION PROCEDURE of JUAN ROBERTO BRITTINGHAM-MC LEAN. Now, the Petitioner meaning to prove that the exchange rate between the U.S. Dollar and the Mexican Peso on March 13-thirteen, 2007-two thousand seven was $11.1483 (eleven pesos and one thousand four hundred eighty-three ten thousandths Mexican Currency) attaches a copy certified by the Director of the General State Archives, ARTEMIO BENAVIDES-HINOJOSA from the Federal Official Gazette dated March 13-thirteen, 2007-two thousand and seven; Also he attaches a copy certified by the Director of the General State Archives, ARTEMIO BENAVIDES-HINOJOSA where the general and professional minimum wage rates appear published, from January 2007-two thousand and seven, documents which are taken into account according to the terms established by article 1296 of the current Commercial Code.

The Petitioner argues that the value of the Interventor's Claim filed by JUAN ANTONIO BRITTINGHAM-AGUIRRE greatly exceeds the 1,800 fees foreseen in article 6 of the Officially Authorized State Tariff Law, at a rate of $49.00 (FORTY-NINE PESOS 00/100 MEXICAN CURRENCY) which is the daily minimum wage in this economic zone according to the date in which the Ancillary Proceeding was filed, **stating that 10%-ten percent on the court case value is applicable**, that is, $12,096,012 (TWELVE MILLION NINETY-SIX THOUSAND AND TWELVE DOLLARS 00/100 UNITED STATES OF AMERICA CURRENCY), equivalent to $1,209,601.20 (ONE MILLION TWO-HUNDRED AND NINE THOUSAND SIX-HUNDRED AND ONE DOLLARS 20/100 UNITED STATES OF AMERICA CURRENCY) or its equivalent in Mexican currency as per the current exchange rate at the time of payment.

To this effect, the Undersigned declares that from the systematic interpretation of article 6 of the Schedule of Officially Authorized Fees, the proper proceeding is to apply the indicated percentages in the quoted cipher, and not 10%-ten percent on the appraised court case value, as stated by the Petitioner, where **$12,096,012 (TWELVE MILLION NINETY-SIX THOUSAND AND TWELVE DOLLARS 00/100 UNITED STATES OF AMERICA CURRENCY)** remain for all legal purposes of the proceedings the claimed amount, according to the criteria which states: "LAWSUIT

AMOUNT".- To establish interest in a court case, for all intents and purposes in the proceedings, the liquid amount claimed by the petitioner is to be exclusively taken into consideration, without acknowledging the extra benefits that have not been liquidated, by means of the corresponding legal proceeding. Pg. 333, Weekly Federal Court Report, Part Four, Third Chamber, Appendix 1917-1985.

In that order of ideas, according to provisions in article 6 of the Schedule of Officially Authorized Attorneys' Fees, the liquidation of said concept is admitted under the following terms:- For 20%-twenty percent of up to 180 -one hundred and eighty fees, the petitioner is to be granted the following amount: $158.04 (ONE HUNDRED AND FIFTY-EIGHT DOLLARS 04/100 UNITED STATES OF AMERICA CURRENCY); for 15%-fifteen percent over a surplus of 180-one hundred and eighty fees up to 1800-one thousand eight hundred the corresponding amount is $1,066.77 (ONE THOUSAND AND SIXTY-SIX HUNDRED DOLLARS 77/100 UNITED STATES OF AMERICA CURRENCY), and for 10%-ten percent over a surplus of 180-one hundred and eighty  fees up to 1800-one thousand eight hundred fees up to the total debt, the corresponding amount is $1'208,810.99 (ONE MILLION TWO HUNDRED AND EIGHT THOUSAND EIGHT HUNDRED AND TEN DOLLARS 99/100 UNITED STATES OF AMERICA CURRENCY); the sum of these three amounts results in $1'210,035.80 (ONE MILLION TWO HUNDRED AND TEN THOUSAND AND THIRTY-FIVE DOLLARS 80/100 UNITED STATES OF AMERICA CURRENCY); this previous amount shall be charged to the defendant as payment reference for judicial court awarded attorneys' fees, for purposes of the present lawsuit process, all the more since the defendant raised no objection to the established incidence.

Another claim stated by the Petitioner consists of the 5%-five percent of the appraised court case value due to the Appeal filed against the Final and Conclusive Judgment, in conformity to provisions in article 16 of the Schedule of Officially Authorized Attorneys' Fees, for said concept claiming payment of the amount of $604,800.00 (SIX HUNDRED AND FOUR THOUSAND EIGHT HUNDRED DOLLARS 00/100 UNITED STATES OF AMERICA CURRENCY) or its equivalent in Mexican currency as per the current exchange rate at the time of payment.

With regards to the claim of 5%-five percent made due to the referred Writ of Amparo[1], according to this Judge it results inadmissible in view of the fact that the regulation of a Writ of Amparo is a subject reserved for the Congress of the Union, as Federal Legislative Branch. Being that in the Amparo Law there is no contemplation for the payment of court awarded fees and the writ of Amparo is not a suit between private individuals, which might lead to compensate the other party its

---

[1] A "Writ of Amparo" is a federal trial to protect and uphold an individual's constitutional rights. This sort of trial was created to protect individuals from illegal and/or arbitrary actions by all levels of government entities, either municipal, state or federal

disbursements, due to court proceedings; in such virtue, it is not admissible to sentence the plaintiff to pay 5%-five percent of the main court awarded fees, due to the writ of Amparo processed in court rulings, notwithstanding the fact that article 16 of the Schedule of Officially Authorized Attorney's Fees in the State of Nuevo Leon authorizes the payment. The former is based upon the following Jurisprudential Thesis issued by our highest Court which to the letter states:- - - -

**COURT AWARDED FEES FOR THE PROCEEDINGS OF THE WRITS OF AMPARO. ITS PAYMENT IS NOT ADMISSIBLE EVEN WHEN LOCAL LEGISLATURES ALLOWS IT.** The court awarded fees constitute an institutional procedure which is contemplated within civil proceedings of the Mexican judicial system, therefore its regulation does not correspond to a subject matter reserved exclusively for the Federation, but to a generic subject matter included both within federal and local law, for the administration of justice is served in both spheres, which are solely distinguished from each other regarding the jurisdiction where it resides; inasmuch, they have their origin in the proceedings of a determinate trial, and therefore, acquire the jurisdiction's own nature of the procedural law that commands the performance of the parts before the applicable jurisdictional branch, and cannot rule another subject matter or jurisdiction. Congruent to the former, and considering everything relative to the writ of Amparo regulations is a subject matter reserved for the Congress of the Union, as legislative federal branch, it is concluded that it is also, in any case, what corresponds to court awarded fees in said trial, and therefore, even when in the local procedural legislations or in the authorized tariffs the charges are allowed, this is inadmissible because, on the one side, the Amparo Law does not contemplate subjecting the aforementioned fees for payment, and on the other, because the writ of Amparo is not a settlement between private individuals, that may lead to one party compensating the other's disbursements due to the proceeding of an unjust trial, which is why it cannot be held that the plaintiff not receiving federal protection, should pay his co-litigant, who is the Authority itself, or a necessary and indispensable party, any expense, since it is applicable throughout the Republic, as it regulates the referred constitutional trial, the medium of defense through which the Federation courthouses exercise their function as warrantors of the Constitution, by resolving controversies arising due to the violation of individual rights contained in it by laws or actions of federal authority that infringe or restrict the sovereignty of the States and by State actions or laws that invade the competency sphere of federal authority. Ninth epoch. Instance:- First Chamber. Source: Weekly Federal Court Report and its Gazette Issue XVI, September 2002 Thesis: 1st /J. 39/2002 Page: 101. Thesis Contradiction 5/2001-PS. Amongst those supported by the Third Collegiate Court in Civil Matters of the Third Circuit and the First Collegiate Court of the Fifteenth Circuit. May 29, 2002. Five Votes. Speaker: Olga Sánchez Cordero de García-Villegas. Secretary: Carlos Mena-Adame.- - - - - - -

Jurisprudence thesis 39/2002. Approved by the First Chamber of this High Tribunal, in session on May twenty-nine, two thousand and two, by a five-vote unanimity from the Ministers: Juan N. Silva-Meza, Juventino V. Castro y Castro, Humberto Román-Palacios, José de Jesús Gudiño-Pelayo, and Olga Sánchez-Cordero de García-Villegas.

In virtue of the matter, payment is declared admissible for the amount of: $1'210,035.80 (ONE MILLION TWO HUNDRED AND TEN THOUSAND AND THIRTY-FIVE DOLLARS 80/100 UNITED STATES OF AMERICA CURRENCY); payment reference to judicial expenses, due to the processing of the present ancillary proceeding.

Also, the Petitioner's claim consisting of 5%-five percent of the appraised court case value due to the Appeal filed against the Final and Conclusive Judgment is declared admissible, in conformity with provisions of article 16 of the Schedule of Officially Authorized Attorneys' Fees, that is, the amount of $604,800.00 (SIX HUNDRED AND FOUR THOUSAND EIGHT HUNDRED DOLLARS 00/100 UNITED STATES OF AMERICA CURRENCY) or its equivalent in Mexican currency as per the current exchange rate at the time of payment. All the more since the defendant raised no objection to the established incidence.

As corollary to the former, the present Ancillary Proceeding for Determination of Court Awarded Fees is admissible, which in Enforcement of a Judgment was filed by JOSE ALFREDO CASTILLO-FLORES, JOSE ALFREDO CASTILLO-FLORES in his capacity as Attorney General for Collection and Litigation for Mrs. BARBARA JOAN BRITTINGHAM-SADA within current judicial file number 385/2000 pertaining to the INTERVENTOR'S CLAIM ASSERTING PRIORITY RIGHT brought by MARIA DE JESUS AGUIRRE-MALDONADO acting as Legal Representative for JUAN ROBERTO BRITTINGHAM-AGUIRRE against BARBARA JOAN BRITTINGHAM-SADA and the TESTATE DISTRIBUTION PROCEEDING of JUAN ROBERTO BRITTINGHAM-MC LEAN.

BY THE FORMERLY PRESENTED AND FOUNDED, IT IS TO BE RESOLVED AND IT IS RESOLVED:-

FIRST:- It is declared that the Petitioner has partially accredited the facts which constitute his ancillary cause of action.

SECOND:- The present Ancillary Proceeding for Determination of Court Awarded Fees is declared admissible, which in Enforcement of a Judgment was filed by JOSE ALFREDO CASTILLO-FLORES, in his capacity as General Attorney for Collection and Litigation for Mrs. BARBARA JOAN BRITTINGHAM-SADA within the

current judicial file number **385/2000** pertaining to the INTERVENTOR'S CLAIM ASSERTING PRIORITY RIGHT brought by MARIA DE JESUS AGUIRRE-MALDONADO acting    as Legal Representative for **JUAN ROBERTO BRITTINGHAM-AGUIRRE** against **BARBARA JOAN BRITTINGHAM-SADA** and the TESTATE DISTRIBUTION PROCEEDING of JUAN ROBERTO BRITTINGHAM-MCLEAN. In consequence:

THIRD:- The interventor third party is condemned to pay the defendant the amount of: **$1'210,035.80 (ONE MILLION TWO HUNDRED AND TEN THOUSAND AND THIRTY-FIVE DOLLARS 80/100 UNITED STATES OF AMERICA CURRENCY);** as payment reference for court awarded judicial fees, due to the processing of the present ancillary proceeding.

FOURTH:- The interventor's third party is condemned to pay the defendant the amount of: **$604,800.00 (SIX HUNDRED AND FOUR THOUSAND EIGHT HUNDRED DOLLARS 00/100 UNITED STATES OF AMERICA CURRENCY) or its equivalent in Mexican currency as per the current exchange rate at the time of payment,** due to the Appeal procedures processed in court rulings,

Duly notify.- So, by interlocutory judging, it was resolved and signed by  MR. ABRAHAM GUILLEN-SANDOVAL, Third Judge Concurrent Jurisdiction of the First Judicial District in the State.- - - - - - I ATTEST.
SECRETARY

*Signature*                              *Signature*

Record:- L' M. E. V. R.

THE ANTECEDENT RESOLUTION WAS PUBLISHED
IN COURT BULLETIN NUMBER 4771 ON JULY 12TH,
2007-TWO THOUSAND SEVEN. I ATTEST.-
C. SECRETARY.

*Enedina María Moreno Quintanilla*
Certified English - Spanish - English Translator
Official Communication No. 574/2008
January 31, 2008

**(SEAL)**
**JUDICIAL POWER OF THE**
**STATE OF NUEVO LEON**
**SUPERIOR COURT OF**
**JUSTICE**

On April 15th, -fifteenth, 2008 –two thousand eight, I give notice to Mr. Gustavo Adolfo Guerrero-Gutiérrez, Magistrate President of the Superior Court of Justice of the State, with the certified copies issued on April 11th, -eleventh, 2008 –two thousand eight, in 98 ninety-eighth pages, taken from judicial file number 385/2000, relative to the Intervenor's Claim Asserting Priority Right, filed by Juan Roberto Brittingham-Aguirre, against Barbara Joan Brittingham-Sada, and the Testate Distribution Proceeding of Mr. Juan Roberto Brittingham MC Lean, contended before the Third Court of Concurrent Jurisdiction of the First Judicial District, with residence in Monterrey, Nuevo Leon, so as to certify the seal and signature of citizen Jose Octavio Zavala-Torres, secretary ascribed to the aforementioned court.

Monterrey, Nuevo Leon on April 15th fifteenth, 2008 two thousand eight.-

On account of the above, Mr. Gustavo Adolfo Guerrero-Gutiérrez, Magistrate President of the Superior Court of Justice of the State, assisted by Mr. Alberto Ortega-Peza, Court Rulings and Full Bench Secretary General of the Superior Court of Justice of the State, certifies and sets on record that the signature of the citizen Jose Octavio Zavala-Torres, secretary ascribed to the Third Court of Concurrent Jurisdiction of the First Judicial District, with residence in Monterrey, Nuevo León and seal of said justice court, appearing at the bottom of the certified copies issued onn April 11th eleventh, 2008 two thousand eighth, in 98 ninety eighth pages, taken from the judicial file number 385/2000, relative to the Intervenor's Claim Asserting Priority Right, filed by Juann Roberto Brittingham-Aguirre against Barbara Joan Brittingham-Sada and the Testate Distribution Proceeding of Mr. Juan Roberto Brittingham MC Lean, contended before the mentioned Court, were compared with the files kept in this court and their characteristics correspond to the ones utilized by the mentioned public servant in exercising his functions.- Notify.- It is so agreed and signed by Gustavo Adolfo Guerrero-Gutierrez, Magistrate President of the Superior Court of Justice of the State.- I attest.-

Enedina Maria Moreno Qaintanilla
Certified English - Spanish - English Translator
Official Communication No. 574/2008
January 31, 2008

EXHIBIT "B"
JUDGMENT (Spanish)



92

JUDICIAL DEL
DE NUEVO LEÓN
O TERCERO DE
N CONCURRENT Monterrey Nuevo León, a 12-doce de Julio de 2007-dos mil siete.-
DISTRITO JUDICIAL
RREY N I

**VISTO:-** Para resolver Interlocutoriamente el **Incidente de Liquidación de Gastos y Costas**, que en Ejecución de Sentencia plantea **JOSÉ ALFREDO CASTILLO FLORES**, dentro del presente expediente judicial número 385/2000 relativo a la **TERCERIA EXCLUYENTE DE PREFERENCIA** promovida por MARIA DE JESÚS AGUIRRE MALDONADO en su carácter de Representante Legal de **JUAN ROBERTO BRITTINGHAM AGUIRRE**, en contra de **BARBARA JOAN BRITTINGHAM SADA** y la **SUCESIÓN TESTAMENTARIA A BIENES DE JUAN ROBERTO BRITTINGHAM MC LEAN**, Visto:- el escrito incidental, cuanto más consta en autos, convino, debió verse y:

R E S U L T A N D O :-

**ÚNICO:-** Mediante escrito presentado ante esta Autoridad en fecha 13-trece de Marzo de 2007-dos mil siete, compareció JOSE ALFREDO CASTILLO FLORES en su carácter de Apoderado General para Pleitos y Cobranzas de la señora BARBARA JOAN BRITTINGHAM SADA promoviendo Incidente de Liquidación de Gastos y Costas, expresando los hechos y consideraciones de derecho fundatorios de su acción accesoria. Admitido a trámite el mismo por esta Autoridad mediante auto de fecha 16-dieciséis de Marzo de 2007-dos mil siete, se ordenó dar vista de éste a la parte demandada, para que dentro del término legal de tres días manifestara, lo que a su derecho conviniera, quien no desahogo la vista ordenada, con motivo de ello, y a solicitud del propio Incidentista el día 03-tres de Julio de 2007-dos mil siete, se ordenó el día 6-seis de Julio del presente año, pronunciar la sentencia interlocutoria correspondiente, la cual ha llegado el momento de pronunciar con apego a derecho y:

C O N S I D E R A N D O :-

**PRIMERO: -** De conformidad con los artículos 1321, 1322, 1323 y demás relativos del Código de Comercio en vigor, las sentencias son definitivas e interlocutorias siendo las primeras las que deciden el negocio principal e interlocutorias, las que deciden un incidente, un artículo sobre excepciones dilatorias o una competencia.

**SEGUNDO: -** Los artículos 1085, 1086, 1087 y 1088 del Código de Comercio establecen que: las costas serán reguladas por la parte a cuyo favor se hubieren declarado. Presentada la regulación de las costas al Juez o tribunal ante el cual se hubieren causado, se dará vista de ella por tres días a la parte condenada, para que

*a3*

exprese su conformidad e inconformidad. Si nada expusiera dentro del término fijado la parte condenada, se decidirá el pago. Si en el término referido expresare no estar conforme, se dará vista de las razones que alegue a la parte que presentó la regulación la que dentro de igual término contestará a las observaciones hechas. En vista de lo que las partes hubiesen expuesto conforme al artículo anterior, el Juez o tribunal fallará lo que estime justo dentro del tercer día. De está decisión se admitirán los recursos que procedieren, según la instancia en que se encuentre el juicio y según la cantidad que importase la total regulación.

TERCERO: - En cuanto al derecho que tiene la parte actora para reclamar el pago de costas judiciales tenemos que esta se deriva de la sentencia definitiva dictada por está Autoridad con motivo del juicio en que se actúa, en que se condenó a la parte actora a pagar a la parte demandada los gastos y costas judiciales que se hayan originado con motivo de la tramitación de este juicio, resolución que causo ejecutoria según consta en autos, toda vez que fue confirmada mediante resolución de fecha 1-primero de Marzo de 2004-dos mil cuatro, emitida por el C. Magistrado de la Séptima Sala del H. Tribunal Superior de Justicia en el Estado, en los siguientes términos:- *SEXTO:- ... se condena al tercerista apelante, a pagar a la parte demandada, es decir, tanto a la Sucesión Testamentaria a bienes de Juan Roberto Brittingham McLean, como también a la C. Bárbara Joan Brittingham Sada, las costas que erogaron con motivo de su defensa en ambas instancias, previa su liquidación en ejecución de sentencia..."* ,

Con base a lo anterior y atendiendo a la liquidación formulada por el Incidentista, en primer término se tiene que el Incidentista justifica la calidad de Profesional del Derecho del Abogado Patrono mediante la exhibición de copia certificada de Título y Cédula Profesional expedida a favor del profesionista de nombre GERARDO GUADALUPE JIMÉNEZ CANTÚ expedidos por la Universidad Autónoma De Nuevo León, y por la Secretaria de Educación Pública Dirección General de Profesiones, respectivamente, así mismo anexa certificación en la que se hace constar que el Título Profesional citado se encuentra debidamente inscrito ante el Tribunal Superior de Justicia, documental a la cual se le concede valor probatorio pleno en términos de el artículo 1206 fracción II y 1237 del Código de Comercio, con lo que cumple satisfactoriamente el requisito impuesto por el artículo 4°. De la ley de Arancel de los Abogados del Estado.

En el caso a estudio encontramos una sentencia de fondo firme y definitiva, pasada en autoridad de cosa juzgada. Se impone establecer que el negocio que culminó en la sentencia que nos ocupa ha causado ejecutoria, es de índole o cuantía determinada, por lo que resulta aplicable el artículo 6 de la Ley de Arancel

99

CIAL DEL
UEVO LEÓN
RCERO DE
ONCURRENT
RITO JUDICIAL
FY N1
...ara el ejercicio de la Abogacía Vigente en el Estado, en relación con el artículo 1083 del Código de Comercio.

Por lo examinado en la planilla que presenta se advierte que la misma la hace tomando como base la cantidad de $12,096,012.00 ( DOCE MILLONES NOVENTA Y SEIS MIL DOCE DOLARES 00/100 MONEDA DE LOS ESTADOS UNIDOS DE AMÉRICA) reclamada por el tercerista JUAN ROBERTO BRITTINGHAM AGUIRRE en su escrito inicial de demanda, en la que manifestaba tener mejor preferencia de crédito, respecto a los demandados BARBARA JOAN BRITTINGHAM SADA y la SUCESIÓN TESTAMENTARIA A BIENES DE JUAN ROBERTO BRITTINGHAM MC LEAN,. Ahora bien, el Incidentista a fin de acreditar que la paridad del Dólar Americano con el Peso Mexicano al día 13-trece de Marzo del 2007-dos mil siete es de $11.1483 (once pesos con un mil cuatrocientos ochenta y tres diez milésimos moneda nacional ), acompaña copia certificada por el Director del Archivo General del Estado, LIC. ARTEMIO BENAVIDES HINOJOSA de la parte del Diario Oficial de la Federación de fecha 13-trece de Marzo de 2007-dos mil siete; Así mismo anexa copia certificada por el Director del Archivo General del Estado LIC. ARTEMIO BENAVIDES HINOJOSA, en donde aparece publicado el salario mínimo general y profesional a partir de Enero de 2007-dos mil siete. documentales las cuales son de tomarse en cuenta en los términos de lo dispuesto por el artículo 1296 del Código de Comercio en Vigor.

El Incidentista argumenta que el valor de la Tercería promovida por JUAN ANTONIO BRITTINGHAM AGUIRRE excede por mucho las 1,800 cuotas previstas en el artículo 6 de la Ley Arancelaria Vigente en el Estado, a razón de la cuota de $49.00 (CUARENTA Y NUEVE PESOS 00/100 M. N.) que es el salario mínimo diario en esta zona económica a la fecha de presentación del incidente que nos ocupa, señalando que resulta aplicable el 10%-diez por ciento sobre el valor del negocio, esto es, $12,096,012 (DOCE MILLONES NOVENTA Y SEIS MIL DOCE DOLARES 00/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA ) equivalente a la cantidad de $1,209,601.20 (UN MILLÓN DOSCIENTOS NUEVE MIL SEISCIENTOS UN DOLARES 20/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA) o su equivalente en moneda nacional al tipo de cambio vigente en el momento del pago.

Al efecto, el Suscrito tiene a bien señalar que de la interpretación sistemática del artículo 6 de la Ley Arancelaria, lo correcto es aplicar los porcentajes señalados en el numeral en cita, y no el 10%- diez por ciento sobre el valor del negocio, como lo señala el Incidentista, quedando la cantidad de $12,096,012.00 ( DOCE MILLONES NOVENTA Y SEIS MIL DOCE DOLARES 00/100 MONEDA DE LOS

ESTADOS UNIDOS DE AMÉRICA ) para todos los efectos legales del procedimiento el monto de lo reclamado, atento al criterio que dice: "CUANTÍA DEL PLEITO".- Para establecer el interés de un negocio, para todos los efectos del procedimiento, debe tomarse en consideración exclusivamente, el monto líquido de lo que el actor reclame, sin tener en cuenta las prestaciones accesorias que no han sido liquidadas, mediante el correspondiente procedimiento legal. Pág. 333. Semanario Judicial de la Federación. Cuarta Parte. Tercera Sala. Apéndice 1917-1985.

Y en ese orden de ideas de acuerdo a lo dispuesto por el artículo 6° de la ley de Arancel de Abogados, resulta procedente la liquidación de este concepto que se efectúa en los términos siguientes:- Por el 20%-veinte por ciento de hasta 180-ciento ochenta cuotas le corresponde al actor la cantidad de $158.04 ( CIENTO CINCUENTA Y OCHO DOLARES 04/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA ), por el 15% quince por ciento sobre el excedente de 180-ciento ochenta cuotas hasta 1800-mil ochocientas le corresponde la cantidad de $ 1,066.77 (MIL SESENTA Y SEIS DOLARES 77/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA ), y por el 10% diez por ciento sobre el excedente de 1800-mil ochocientas cuotas hasta el total de lo adeudado, le corresponde la cantidad de $1'208,810.99 ( UN MILLON DOSCIENTOS OCHO MIL OCHOCIENTOS DIEZ DOLARES 99/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA ); resultando de la suma de estas tres cantidades resulta la de $1'210,035.80 ( UN MILLON DOSCIENTOS DIEZ MIL TREINTA Y CINCO DOLARES 80/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA ); cantidad la anterior a la que deberá condenarse a la parte demandada por concepto de costas judiciales, con motivo de la tramitación del presente incidente, máxime que la parte demandada no opuso objeción alguna a la Incidencia planteada.

Otro reclamo del Incidentista consiste en el 5%-cinco por ciento del valor del negocio con motivo del Recurso de Apelación interpuesto en contra de la Sentencia Definitiva, de conformidad con lo dispuesto por el artículo 16 del Arancel de Abogados reclamando por dicho concepto el pago de la cantidad de $604,800.00 (SEISCIENTOS CUATRO MIL OCHOCIENTOS DOLARES 60/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA) o su equivalente en moneda nacional al tipo de cambio vigente en el momento del pago.

Ahora bien, por lo que hace a la reclamación del 5%-cinco por ciento con motivo de la tramitación del Juicio de Amparo referido, en concepto de este Juzgador resulta improcedente tal reclamo en razón de que la normatividad del Juicio de Amparo, es un tema reservado al Congreso de la Unión, como Órgano

96

ICIAL DEL
UEVO LEÓN
RCERO DE
ONCURRENT
TRITO JUDICIAL
&FY N I

Legislativo Federal.  Siendo que en la Ley de Amparo no se contempla la condenación al pago de las costas y que el juicio de garantías no es una contienda entre particulares que pudiera dar lugar a que se indemnice a la otra sus erogaciones con motivo de la tramitación de un juicio; en esa virtud, no es procedente condenar a la parte actora-formal al pago del 5%-cinco por ciento de la suerte principal, con motivo del Juicio de Amparo tramitados en autos, no obstante que en el artículo 16 de la ley Arancel de Abogados del Estado de Nuevo León se autorice su cobro. Lo anterior con fundamento en la siguiente Tesis Jurisprudencial emitida por nuestro máximo Tribunal la cual a la letra dice:- - - - - - - - - - - - - - - - - - - - - -

COSTAS EN LA TRAMITACIÓN DE LOS JUICIOS DE AMPARO. NO ES PROCEDENTE SU PAGO AUN CUANDO LAS LEGISLACIONES LOCALES LO CONTEMPLEN.  Las costas constituyen una institución procesal contemplada en los procedimientos civiles del sistema jurídico mexicano, por lo que su regulación no corresponde a una materia reservada en exclusiva a la Federación, sino que se trata de una materia genérica comprendida tanto en la ley federal como en la local, pues la administración de justicia se surte en ambas esferas, que solamente se distinguen en atención al fuero en que radica la jurisdicción; asimismo, tienen su origen en la tramitación de un determinado juicio y, por ende, adquieren la naturaleza propia de la jurisdicción o fuero de la ley procesal que rija la actuación de las partes ante el órgano jurisdiccional que la aplica, y no puede regir a otro fuero o materia. En congruencia con lo anterior, y tomando en consideración que lo relativo a la normatividad del juicio de amparo, es un tema reservado al Congreso de la Unión, como órgano legislativo federal, se concluye que también lo es, en todo caso, lo que respecta a las costas en dicho juicio y, por tanto, aun cuando en las legislaciones procesales locales o en los aranceles se autorice su cobro, éste no es procedente porque, por un lado, la Ley de Amparo no contempla la condenación al pago de las mencionadas costas y, por otro, porque el juicio de garantías no es una contienda entre particulares que pudiera dar lugar a que una parte indemnice a la otra sus erogaciones con motivo de la tramitación de un juicio injustificado, por lo que no puede sostenerse que el quejoso que no obtiene la protección federal, deba pagar a su colitigante, que es la propia autoridad, o al tercero perjudicado, gasto alguno, ya que su aplicación es en toda la República, al regular el referido juicio constitucional, que es el medio de defensa por el cual los tribunales de la Federación ejercen la función de ser garantes de la Constitución, al resolver controversias suscitadas con motivo de la violación de las garantías individuales contenidas en aquélla; por leyes o actos de la autoridad federal que vulneren o restrinjan la soberanía de los Estados y por actos o leyes de los Estados que invadan la esfera de competencia de la autoridad federal. Novena Época. Instancia:- Primera Sala. Fuente: Semanario

97

Judicial de la Federación y su Gaceta Tomo XVI, Septiembre de 2002 Tesis: 1ª. /J. 39/2002 Página: 101. Contradicción de tesis 5/2001-PS. Entre las sustentadas por el Tercer Tribunal Colegiado en Materia Civil del Tercer Circuito y el Primer Tribunal Colegiado del Décimo Quinto Circuito. 29 de mayo de 2002. Cinco votos. Ponente: Olga Sánchez Cordero de García Villegas. Secretario: Carlos Mena Adame.- - - - - - Tesis de jurisprudencia 39/2002. Aprobada por la Primera Sala de este Alto Tribunal, en sesión de veintinueve de mayo de dos mil dos, por unanimidad de cinco votos de los señores Ministros presidente: Juan N. Silva Meza, Juventino V. Castro y Castro, Humberto Román Palacios, José de Jesús Gudiño Pelayo y Olga Sánchez Cordero de García Villegas.

En tal virtud, se declara procedente el pago de la cantidad de $1'210,035.80 ( UN MILLÓN DOSCIENTOS DIEZ MIL TREINTA Y CINCO DOLARES 80/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA ); por concepto de gastos judiciales con motivo de la tramitación del presente incidente,

Así mismo se declara procedente el reclamo del incidentista consiste en el 5%-cinco por ciento del valor del negocio con motivo del Recurso de Apelación interpuesto en contra de la Sentencia Definitiva, de conformidad con lo dispuesto por el artículo 16 del Arancel de Abogados, o sea, la cantidad de $604,800.00 (SEISCIENTOS CUATRO MIL OCHOCIENTOS DOLARES 60/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA) o su equivalente en moneda nacional al tipo de cambio vigente en el momento del pago. Máxime que la parte demandada no opuso objeción alguna a la incidencia planteada.

Como corolario de lo anterior, resulta procedente el presente Incidente de Liquidación de Costas, que en Ejecución de Sentencia plantea JOSÉ ALFREDO CASTILLO FLORES, JOSE ALFREDO CASTILLO FLORES en su carácter de Apoderado General para Pleitos y Cobranzas de la señora BARBARA JOAN BRITTTINGHAM SADA dentro del presente expediente judicial número 385/2000 relativo a la TERCERIA EXCLUYENTE DE PREFERENCIA promovida por MARIA DE JESÚS AGUIRRE MALDONADO en su carácter de Representante Legal de JUAN ROBERTO BRITTINGHAM AGUIRRE, en contra de BARBARA JOAN BRITTINGHAM SADA y la SUCESIÓN TESTAMENTARIA A BIENES DE JUAN ROBERTO BRITTINGHAM MC LEAN.

POR LO ANTERIORMENTE EXPUESTO Y FUNDADO, ES DE RESOLVERSE Y SE RESUELVE: -



98



**PRIMERO:-** Se declara que el Incidentista acreditó parcialmente los hechos constitutivos de su acción incidental.

**SEGUNDO:** - Se declara procedente el presente Incidente de Liquidación de Costas, que en Ejecución de Sentencia plantea JOSE ALFREDO CASTILLO FLORES en su carácter de Apoderado General para Pleitos y Cobranzas de la señora BARBARA JOAN BRITTTINGHAM SADA dentro del presente expediente judicial número 385/2000 relativo a la TERCERIA EXCLUYENTE DE PREFERENCIA promovida por MARIA DE JESÚS AGUIRRE MALDONADO en su carácter de Representante Legal de JUAN ROBERTO BRITTINGHAM AGUIRRE, en contra de BARBARA JOAN BRITTINGHAM SADA y la SUCESIÓN TESTAMENTARIA A BIENES DE JUAN ROBERTO BRITTINGHAM MC LEAN. en consecuencia:

**TERCERO:-** Se condena al tercerista a pagar a la parte demandada la cantidad de $1'210,035.80 ( UN MILLON DOSCIENTOS DIEZ MIL TREINTA Y CINCO DOLARES 80/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA ); por concepto de costas judiciales con motivo de la tramitación del presente incidente, ,

**CUARTO:-** Se condena al tercerista a pagar a la parte demandada de la cantidad de $604,800.00 (SEISCIENTOS CUATRO MIL OCHOCIENTOS DOLARES 60/100 MONEDA DE LOS ESTADOS UNIDOS DE AMERICA) o su equivalente en moneda nacional al tipo de cambio vigente en el momento del pago, con motivo de la tramitación del Recurso de Apelación tramitado en autos,

Notifíquese personalmente.- Así, interlocutoriamente juzgando, lo resolvió y firma el C. Licenciado ABRAHAM GUILLEN SANDOVAL, Juez Tercero de Jurisdicción Concurrente del Primer Distrito Judicial en el Estado.- - - - - - DOY FE.
C. SECRETARIO

Conste:- L' M. E. V. R.

LA RESOLUCIÓN QUE ANTECEDE SE PUBLICÓ EN EL BOLETÍN JUDICIAL NUMERO 4771 DEL 12 DE JULIO DEL AÑO 2007-DOS MIL SIETE. DOY FE.

C. SECRETARIO.

EXHIBIT "C"
ASSIGNMENT

# LIC. CESAR LUCIO CORONADO HINOJOSA

## TITULAR

### PRIMER TESTIMONIO

**SE EXPIDE PARA USO DE**

SR. ANGEL EDUARDO MARROQUIN BRITTINGHAM

PUNTO OMEGA, S.A. DE C.V.



NOTARIA PUBLICA NO. 20

PADRE MIER PTE. 908        C.P. 64000        TEL. 8344-90-06        MONTERREY, N.L.



# GOBIERNO DEL ESTADO DE NUEVO LEON
## GEN-620601-DTA
### RECIBO OFICIAL

10776674

| | | | | FOLIO |
|---|---|---|---|---|
| MUNICIPIO MONTERREY, N.L. | CENTRO DE INGRESO: PALACIO DE JUSTICIA | CAJA 8001-1 | FECHA 2008/05/23 | **12133144** |

TRANS: 8417

NOMBRE: CARLOS CORONADO DEL
DOMICILIO:  ESTADO DE NUEVO LEON
COLONIA:
MPIO: MONTERREY, N.L.

R. F. C.
CUENTA

NO.PARTIDA: 213-00   EXPEDICION DE CERTIFICADOS

IMPORTE.- $    51.00

CANCELADO

MAY 2008

TOTAL.- $    51.00

ELABORO: MA

10776674

** CINCUENTA Y UN PESOS 00/100 M.N. **

1213314401200805230000005100880010952080084171

| DELEGACION | DIRECCION |
|---|---|
| San Nicolás de los Garza, N.L. | Calle Arturo B. de la Garza S/N entre Huelva y Plutarco Elías Calles, San Nicolás de los Garza N.L. C.P. 64720 |
| Apodaca, N.L. | Calle Hidalgo 101 Pte. entre Zaragoza y Escobedo, Apodaca, N.L. C.P. 66600 |
| Guadalupe, N.L. | 3era. Avenida 312 y 314 entre M.M. De Juárez e Independencia Col. Guerra, Guadalupe, N.L. C.P. 67140 |
| Plaza La Silla | Eugenio Garza Sada 3755 Sur Col. Contry Centro Comercial Plaza La Silla Local 25, Monterrey, N.L. C.P. 64860 |
| Plaza Fiesta San Agustín | Av. Batallón de San Patricio 1000 Residencial San Agustín Centro Comercial Plaza Fiesta San Agustín Local 2208 y 2212 Garza García, N.L. C.P. 66260 |
| Plaza San Pedro | Humberto Lobo 520 Col. del Valle Centro Comercial Plaza San Pedro Sub-Ancla 7 C.P. 66220 San Pedro Garza García, N.L. |
| Santa Catarina, N.L. | Simón Bolívar 302 y 304 cruz con Constitución, Centro Santa Catarina, N.L. C.P. 66350 |
| Escobedo, N.L. | Juárez 100 entre Raúl Caballero y Mina Centro, Escobedo, N.L. C.P. 66050 |
| Módulo Cuauhtémoc | Cuauhtémoc S/N cruz con M.M. de Llano Monterrey, N.L. C.P. 64000 |

| DELEGACION | DIRECCION |
|---|---|
| Oficinas Centrales | Washington 550 Ote. cruz con Escobedo, Centro Monterrey, N.L. C.P. 64000 |
| Anáhuac, N.L. | Mariano Escobedo 100 entre Plaza Juárez e Ingenieros Anáhuac, N.L. C.P. 65031 |
| Sabinas Hidalgo, N.L. | Calle Escobedo No. 395 Esquina con Galeana Sabinas Hidalgo, N.L. C.P. 65200 |
| Cerralvo, N.L. | Padre Mier S/N entre Morelos y Jiménez bajos del Palacio Municipal Cerralvo, N.L. C.P. 65900 |
| Cadereyta, N.L. | Zaragoza No. 306 entre 5 de Mayo y Josefa Ortiz de Domínguez, Centro de Cadereyta, N.L. C.P. 67450 |
| Allende, N.L. | Juárez 200 entre Allende y Morelos bajos del palacio municipal Allende, N.L. C.P. 67350 |
| Montemorelos, N.L. | Zaragoza entre Hidalgo y 5 de Mayo Planta baja del palacio municipal Montemorelos, N.L. C.P. 67500 |
| Galeana, N.L. | 15 de Mayo S/N entre 5 de Mayo y Geo Salazar bajos del Palacio Municipal Galeana, N.L. C.P. 67850 |

| DELEGACION | DIRECCION |
|---|---|
| Linares, N.L. | Morelos No. 208 Ote. cruz con Allende planta baja del Centro Cultural Linares, N.L. C.P. 67700 |
| China, N.L. | Francisco I. Madero S/N cruz con Aldama China, N.L. C.P. 67050 |
| Dr. Arroyo, N.L. | Garza Ayala No. 30 entre Padre Severiano Mtz. y Juárez Dr. Arroyo, N.L. C.P. 67901 |
| Santiago, N.L. | Mina s/n entre 21 de Marzo y Camino Real, Zona Centro Santiago, N.L. C.P. 67300 |
| Juárez, N.L. | 5 de Mayo 200 Ote. cruz con B. Juárez Junto al Palacio Municipal Juárez, N.L. C.P. 67250 |
| Plaza Cumbres | Hacienda Peñuelas No. 6769, Centro Comercial Plaza Cumbres, Acceso 6 Local 92 Col. Residencial Cumbres Monterrey, N.L. C.P. 64619 |
| Gonzalitos | Gonzalitos No. 1900 entre Nevado de Colima (Nicolás Bravo) y Leona Vicario, Col. Urdiales, Monterrey, N.L. sólo servicio de Transporte Público Local (Taxis) C.P. 64430 |
| Parque Niños Héroes | Alfonso Reyes a la entrada del Parque Niños Héroes |
| Plaza Citadel | Rómulo Garza 410 Col. La Fe Centro Comercial Citadel Sub-Ancla 8 C.P. 66477 San Nicolás de los Garza, N.L. |

PODER JUDICIAL DEL
ESTADO DE NUEVO LEÓN
H. TRIBUNAL SUPERIOR DE
JUSTICIA

El suscrito Secretario General de Acuerdos y del Pleno del Tribunal Superior de Justicia del Estado, licenciado **Alberto Ortega Peza**, certifica y hace constar que la ciudadana **Enedina María Moreno Quintanilla,** es actualmente Perito Traductor en idioma **Inglés-Español Español-Inglés**, autorizado por este tribunal el **31** de **enero** de **2008** mediante oficio **No. 574/2008**, ratificada en enero 31 de enero de 2008, según constancias que obran en los archivos de la Secretaría General de Acuerdos de este Tribunal Superior de Justicia del Estado de Nuevo León; acompañándose al presente el documento con su respectiva traducción, que va en 10 diez y dos fojas útiles.

**"Sufragio efectivo. No reelección".**
**Monterrey, Nuevo León, a 23 de mayo de 2008.**
**El Secretario General de Acuerdos y del Pleno del Tribunal Superior de Justicia del Estado.**

**Licenciado Alberto Ortega Peza.**

REVISIÓN No.: 1
VIGENTE A PARTIR DEL: 22 de Noviembre del 2004

PODER JUDICIAL DEL
ESTADO DE NUEVO LEON
H. TRIBUNAL SUPERIOR DE
JUSTICIA

The subscribing, Court Rulings Secretary General of the Superior Court of Justice of the State, **Alberto Ortega-Peza**, certifies and sets on record that **Enedina Maria Moreno-Quintanilla** is currently an **English-Spanish Spanish-English Expert Translator**, authorized by this Court on **January 31st, 2008**, trough Official Notification **574/2008**, according to records filed in the archives of the General Secretariat of Court Rulings of this Honorable Superior Court of Justice of the State of Nuevo Leon; the document and its respective translation is attached herewith 10 ten and two pages.

**"Sufragio Efectivo, No Reelección"**
**(Motto: Effective Suffrage, No Reelection)**
**Monterrey, Nuevo Leon, May 23, 2008**

COURT RULINGS SECRETARY GENERAL
OF THE SUPERIOR COURT OF JUSTICE OF THE STATE

Alberto Ortega Peza.

REVISION No. 1
CURRENTLY IN EFFECT SINCE: November 22nd, 2004

Enedina Maria Moreno Quintanilla
Certified Translator

I, ENEDINA MARIA MORENO QUINTANILLA, Certified Translator, authorized by the Superior Court of Justice of the State of Nuevo Leon, by means of Official Communication No. 574/2008, dated January 31st, 2008, hereby certify that the annexed document, with four two-sided pages and one, one-sided page, which bear my seal and signature, is to the best of my knowledge, a true and correct translation of the following document: **1) PUBLIC DEED No. 20,724, GRATUITOUS ASSIGNMENT OF LITIGATION RIGHTS AGREEMENT BETWEEN BARBARA JOAN BRITTINGHAM-SADA and PUNTO OMEGA, S.A. DE C.V. and 2) APOSTILLE CERTIFIED BY MARCELA DENISSE LEAL-ALANIS, HEAD OF THE LEGALIZATIONS' OFFICE IN MONTERREY, NUEVO LEON, MEXICO.** This is a four two-sided page document, written in Spanish, with Apostille attached.

This certification is issued in Monterrey, N.L., Mexico, on May 22nd, 2008.-

*Nina M. de Rosso*

ENEDINA MARIA MORENO QUINTANILLA

Enedina María Moreno Quintanilla
Certified English - Spanish - English Translator
Official Communication No. 574/2008
January 31, 2008

Francisco Pizarro 125 Pte., Col. Mirasierra, Garza García, N.L., México 66240
Tel. (5281) 8338-4594, 8114-6866 - Cel. 04481-1048-4957
E-mail: ninarosso@gmail.com   enedina.moreno@tradu5.com

-- PUBLIC DEED NUMBER (20,724) TWENTY THOUSAND SEVEN HUNDRED TWENTY FOUR. ---

IN THE CITY OF MONTERREY, NUEVO LEON, UNITED MEXICAN STATES, on April 23rd twenty-third, 2008 two thousand eight, I, CESAR LUCIO CORONADO-HINOJOSA, Titular of Notary Public's Office Number 70 seventy, with jurisdiction in the First Registry District in the State and residing in this City, set on record the following juridical action: -------------------------------------

-- GRATUITOUS ASSIGNMENT OF LITIGATION RIGHTS AGREEMENT, entered into on one part by Mrs. BARBARA JOAN BRITTINGHAM-SADA, by her own rights, hereinafter referred to as "THE ASSIGNOR"; on the other part by the company named PUNTO OMEGA, SOCIEDAD ANONIMA DE CAPITAL VARIABLE, (Variable Capital Corporation) represented in this act by Mr. ANGEL EDUARDO MARROQUIN-BRITTINGHAM, whose legal capacity will be subsequently put on record, and hereinafter referred to as "THE ASSIGNEE"; both of them appear in accordance with the following Recitals, Declarations and Clauses: ------------------------------------------------

----------------------------------------R E C I T A L S----------------------------------------

-- I.- On the 9th ninth day of May 2000 two thousand, Mrs. MARIA DE JESUS AGUIRRE-MALDONADO, in her capacity of JUAN ROBERTO BRITTINGHAM-AGUIRRE'S Legal Representative, filed an INTERVENOR'S CLAIM ASSERTING PRIORITY RIGHT in the Eighth Civil Court, First Judicial District in the State (now Third Concurrent Jurisdiction Court of the State's First Judicial District), against BARBARA JOAN BRITTINGHAM-SADA and the Testate Distribution Proceeding of Mister JUAN ROBERTO BRITTINGHAM-MC LEAN, respectively as plaintiff and defendant, within court rulings of file number 960/98 regarding the other COMMERCIAL EXECUTIVE PROCEEDING, same that is to be found under file number 385/2000 three hundred eighty-five slash two thousand, processed in that same Court, claiming from the mentioned Judge, the debt's preferential right of Mister JUAN ROBERTO BRITTINGHAM-AGUIRRE, over the executant's one in the main trial, as well as the declaration of preference of same Mister JUAN ROBERTO BRITTINGHAM-AGUIRRE over the Executant of the Main Trial, to collect the debt he has in his favor over the patrimonial assets of the executed Testate Distribution Proceeding of Mister JUAN ROBERTO BRITTINGHAM-MC LEAN; the Eighth Civil Judge of the First Judicial District in the State definitively resolving said file on the 11th eleventh day of January 2002 two thousand two, in the following manner: "...In regards of the above exposed and founded, the following is resolved: FIRST: It is declared not legally admissible this INTERVENOR'S CLAIM ASSERTING PRIORITY RIGHT trial filed by MARIA DE JESUS AGUIRRE-MALDONADO, attorney representing JUAN ROBERTO BRITTINGHAM-AGUIRRE against BARBARA JOAN BRITTINGHAM-SADA and the Testate Distribution Proceeding of JUAN ROBERTO BRITTINGHAM-MC LEAN as plaintiff and defendant respectively within the other Commercial Executive Proceeding prosecuted before this Authority under number 960/98, confirming the preference of the defendant over that of the third party intervenor, to pay the debt in her favor with the proceeds of the judicial sale of the goods seized within the Main Trial, or otherwise by taking over the title

must be put on record on the Main Trial. SECOND: The Intervenor-plaintiff is condemned to pay the defendant the expenses and fees originated by the processing of this proceeding, previous regulation in the execution of the sentence and through the respective ancillary proceeding. THIRD:- Notify personally.- So was resolved in definitive by MR. ABRAHAM GUILLEN-SANDOVAL, Eighth Civil Judge of the First Judicial District in the State.-  I ATTEST".---------------------------

II.- That regarding the mentioned Trial, Mrs. BARBARA JOAN BRITTINGHAM-SADA filed Writ of Amparo[1] number 356/2003 three hundred fifty six slash two thousand three, in the Fourth Circuit Collegiate Court in Civil Matters against actions of the Magistrate[2] of the Seventh Chamber of the Honorable Superior Court of Justice of the State of Nuevo Leon, that derived in the definitive sentence of June 30th thirtieth, 2003 two thousand three, dictated within the definitive appeal's court dossier 589/2002 five hundred eighty-nine slash two thousand two, coming from file 385/2000 three hundred eighty-five slash two thousand and to act as requested in the Final Judgment dictated by said authority, the Magistrate of the Seventh Chamber of the Honorable Superior Court of Justice of the State of Nuevo Leon resolved the court dossier number 589/2002 five hundred eighty-nine slash two thousand two, on the 1st first day of March 2004 two thousand four, whose resolutions state to the letter and regarding the matter, the following: "...By the previously expressed and supported it is to be resolved, and it is resolved:  FIRST:- The enforceable ruling rendered by the First Collegiate Circuit Court for civil matters for the Fourth District is complied with on the 20 twentieth day of February of 2004 – two thousand four, in the Direct Amparo Trial number 356/2003 submitted by Mrs. BARBARA JOAN BRITTINGHAM-SADA, exercising her own rights, against the actions of the undersigned Magistrate for the Seventh Chamber of the H. Superior Court of Justice in the State of Nuevo Leon, that made them known in the final judgment dated June 30th thirtieth 2003 –two thousand three, rendered in the final appeal's court dossier number 589/2002.- SECOND:- In accordance to what is ordered in the final judgment of Amparo being complied with, and supported on what is established by article 106 of the Amparo Law in effect, the undersigned Magistrate proceeds to leave unchanged the various considerations that were founded in the judgment rendered in this instance on June 30th thirtieth, 2003- two thousand three, within the court proceedings dossier in final judgment number 589/2002, and in rightful compliance to the cited resolution, with freedom of jurisdiction, the undersigned Magistrate decides in reference to the court costs in this Higher Court in favor of the co-defendant Barbara Joan Brittingham-Sada; consequently; THIRD: - The basis of complaint expressed by the plaintiff MARIA DE JESUS AGUIRRE-MALDONADO, as the legal representative of Mr. JUAN ROBERTO BRITTINGHAM-AGUIRRE, are unfounded, ineffective by being unsupported as well as partly insufficient, against the final judgment dated January 11th eleventh of 2002- two thousand two, rendered by the Eight Civil Judge for the First Judicial District for the State, within the court file number 385/2000, regarding the INTERVENOR'S PROCEEDING ASSERTING PRIORITY RIGHT, filed by MARIA DE JESUS AGUIRRE-



against BARBARA JOAN BRITTINGHAM-SADA filed the SUCCESSION FOR JUAN ROBERTO BRITTINGHAM-MC LEAN'S ESTATE; proceeding tried by this chamber in appellate proceeding in final judgment within court dossier number 589/2002; FOURTH: - On the one hand, they are not worthy of consideration. and on the other hand, ineffective by being insufficient, the claims expressed by Jose Flores-Zaher-Diab, acting as the Executor of the co-defendant Succession, in the appeal remedy also promoted against the aforementioned resolution, consequently; FIFTH: - it is confirmed the cited judgment in the prior ruling, in each and every one of its parts. SIXTH: - By the expressed reasoning in the fifth whereas of this resolution, it is ordered to the intervenor - appellant, to pay the plaintiff party, that is, to the Testate Succession for Juan Roberto Brittingham-Mc Lean's estate, as well as to Mrs. Barbara Joan Brittingham-Sada, the court costs they incurred in as a result of their defense in both instances, prior payment upon enforcement of ruling; on the other hand, in reference to the appeal remedy filed by the co-defendant testate succession, no ruling is rendered about court costs and expenses in reference to this Second Instance,  each party having to pay for those they had to incur from their processing.  SEVENTH: - Let it be known to the parties by notice served in person. With official transcript of this resolution, give notice by official communication about this compliance to the First Collegiate Court for Civil Matters for the Fourth Circuit, as well as to the court of origin, for the corresponding legal purposes.-  Hereupon definitively ruling, it was resolved and signed by Attorney JOSE PATRICIO GONZALEZ-MARTINEZ, Magistrate of the Seventh Chamber of the Honorable Superior Court of Justice in the State.- I ATTEST .- Signatures.- The preceding resolution was published in Court Bulletin number 3977 on the 1st day of March, 2004.- I ATTEST.- IVETTE LILIAN GALVEZ-TREVIÑO. SECRETARY.- Signature".---

--- III.- That on July 12th twelfth, 2007 two thousand seven, the Ancillary Proceeding for Determination of Expenses and Fees was resolved in an interlocutory manner, which in enforcement of a judgment filed JOSE ALFREDO CASTILLO-FLORES within judicial file number 385/2000 three hundred eighty-five slash two thousand regarding the INTERVENOR'S CLAIM ASSERTING PRIORITY RIGHT brought by Mrs. MARIA DE JESUS AGUIRRE-MALDONADO, acting as Legal Representative of JUAN ROBERTO BRITTINGHAM-AGUIRRE, against BARBARA JOAN BRITTINGHAM-SADA and the Testate Distribution Proceeding of JUAN ROBERTO BRITTINGHAM-MC LEAN, same which I have before my sight, and says to the letter and regarding the matter, the following: "...Having seen:- To resolve in an interlocutory manner the Ancillary Proceeding for Determination of Expenses and Fees that in Enforcement of a Judgment JOSE ALFREDO CASTILLO-FLORES files a complaint within judicial file number 385/2000 pertaining to the INTERVENOR'S CLAIM ASSERTING PRIORITY RIGHT brought by MARIA DE JESUS AGUIRRE-MALDONADO acting as Legal Representative for JUAN ROBERTO BRITTINGHAM-AGUIRRE, against BARBARA JOAN BRITTINGHAM-SADA and the TESTATE DISTRIBUTION PROCEEDING OF JUAN ROBERTO BRITTINGHAM-MC LEAN, Having seen:- the ancillary writing, included in court rulings, agreed upon, was viewed and: PARAGRAPHS OF THE COURTS DECISION...WHEREAS... BY THE FORMERLY PRESENTED AND FOUNDED, IT IS TO BE RESOLVED AND IT IS RESOLVED:-

ancillary cause of action. SECOND:- This Ancillary Proceeding for Determination of Court Awarded Fees is declared admissible, which in Enforcement of a Judgment was filed by JOSE ALFREDO CASTILLO-FLORES, in his capacity as General Attorney for Collection and Litigation for Mrs. BARBARA JOAN BRITTINGHAM-SADA within the current judicial file number 385/2000 pertaining to the INTERVENOR'S CLAIM ASSERTING PRIORITY RIGHT brought by MARIA DE JESUS AGUIRRE-MALDONADO acting as Legal Representative for JUAN ROBERTO BRITTINGHAM-AGUIRRE against BARBARA JOAN BRITTINGHAM-SADA and the TESTATE DISTRIBUTION PROCEEDING of JUAN ROBERTO BRITTINGHAM-MCLEAN. In consequence: THIRD:- The intervenor third party is condemned to pay the defendant the amount of: $1'210,035.80 (ONE MILLION TWO HUNDRED TEN THOUSAND AND THIRTY-FIVE DOLLARS 80/100 UNITED STATES OF AMERICA CURRENCY); as payment reference for court awarded judicial fees, due to the processing of this ancillary proceeding.- FOURTH:- The intervenor's third party is condemned to pay the defendant the amount of: $604,800.00 (SIX HUNDRED FOUR THOUSAND EIGHT HUNDRED DOLLARS 00/100 UNITED STATES OF AMERICA CURRENCY) or its equivalent in Mexican currency as per the exchange rate at the time of payment, due to the Appeal procedures processed in court rulings. Duly personally notify.- So, by interlocutory judging, it was resolved and signed by  MR. ABRAHAM GUILLEN-SANDOVAL, Third Judge of Concurrent Jurisdiction of the First Judicial District in the State.-  I ATTEST. SECRETARY.- Signature.- The preceding resolution was published in Court Bulletin number 4771, on July 12th, 2007 –two thousand seven. I ATTEST.- SECRETARY.- Signature". ---------------------
------------------------------------D E C L A R A T I O N S ------------------------------------------------

-- I.- Mrs. BARBARA JOAN BRITTINGHAM-SADA declares that for so being convenient to her interests, it is her will to **GRATUITOUSLY ASSIGN THE LITIGATION RIGHTS** corresponding to her, both from the **COMMERCIAL EXECUTIVE PROCEEDING** being prosecuted in the Eighth Civil Court of the First Judicial District in the State, (now Third Concurrent Jurisdiction Court of the State's First Judicial District) **under judicial file number 960/98 nine hundred sixty slash ninety-eighth**, as well as the rights derived from the resolution rendered on January 11th, 2002, same that in the first instance ended Trial 385/2000 three hundred eighty five slash two thousand, of the Third Concurrent Jurisdiction Court of the First Judicial District of the State of Nuevo Leon, regarding the Intervenor's Claim Asserting Priority Right; of the rights derived from the resolution of definitive file number 589/2002 five hundred eighty-nine slash two thousand two, dated March 1st first, 2004 two thousand four; and the rights over the **ANCILLARY PROCEEDING FOR DETERMINATION OF EXPENSES AND FEES**, declared by the Eighth Civil Judge of the First judicial District in the State (now Third Judge of Concurrent Jurisdiction of the State's First Judicial District  Civil Eighth, on July 12th twelfth, 2007 two thousand seven, within judicial file number 385/2000 three hundred eighty-five slash two



agreement, to acquire the titular rights of litigation according to Mrs. BARBARA JOAN BRITTINGHAM-SADA, described and mentioned in this public deed's Recitals. ----------------------

-- b).- That he has the necessary legal capacity to enter into this Agreement with its terms and conditions. ---------------------------------------------------------------------------

-- c).- That he knows and has full knowledge of the current situation of the judicial proceeding started for recovering the same. ----------------------------------------------------------

-- III.- Both parties declare that, taking into consideration the aforementioned, they manifest their interest in entering into this agreement in conformity with the following: --------------------

-------------------------------------------C L A U S E S -----------------------------------------------

-- FIRST.- OF THE ASSIGNMENT.- Mrs. BARBARA JOAN BRITTINGHAM-SADA, ASSIGNS AND TRANSFERS in favor of PUNTO OMEGA, SOCIEDAD ANONIMA DE CAPITAL VARIABLE, represented in this act by Mr. ANGEL EDUARDO MARROQUIN-BRITTINGHAM, her corresponding litigation rights, both from the **COMMERCIAL EXECUTIVE PROCEEDING** now being prosecuted in the Eighth Civil Court of the First Judicial District in the State, (now Third Judge of Concurrent Jurisdiction of the State's First Judicial District) **under judicial file number 960/98 nine hundred sixty slash ninety-eighth**, as from the **ANCILLARY PROCEEDING FOR DETERMINATION OF EXPENSES AND FEES**, decreed by the Eighth Civil Judge of the State's First Judicial District, (now Third Judge of Concurrent Jurisdiction of the State's First Judicial District) on July 12th twelfth, 2007 two thousand seven, the latter regarding judicial expenses and fees generated from the Intervenor's Claim Asserting Priority Right filed by Mrs. MARIA DE JESUS AGUIRRE-MALDONADO, acting in her capacity of Legal Representative of JUAN ROBERTO BRITTINGHAM-AGUIRRE, against BARBARA JOAN BRITTINGHAM-SADA and the Testate Distribution Proceeding of Mister JUAN ROBERTO BRITTINGHAM-MC LEAN, as well as the expenses and fees generated from privileges, mortgage guaranties, pledges and all other related charges derived from the mentioned trials. --------------------------------------------------
In like manner, she assigns the rights derived from the resolution rendered on March 1st first, 2004 two thousand four, same that definitively resolved file number 589/2002 five hundred eighty nine slash two thousand two, as well as the rights deriving from the resolution rendered on January 11th, 2002, same that ended in first instance Trial 385/2000 three hundred eighty-five slash two thousand, of the Third Concurrent Jurisdiction Court of the First Judicial District of the State of Nuevo Leon, relative to the Intervenor's Claim Asserting Priority Rights, filed by Maria de Jesus Aguirre-Maldonado, acting in her capacity of Legal Representative of JUAN ROBERTO BRITTINGHAM-AGUIRRE, against BARBARA JOAN BRITTINGHAM-SADA and the Testate Distribution Proceeding of Mister JUAN ROBERTO BRITTINGHAM-MC LEAN, where the preference and the right of Mrs. BARBARA JOAN BRITTINGHAM-SADA is established so as to be paid in first instance regarding any other creditor, including Mr. JUAN ROBERTO BRITTINGHAM-AGUIRRE.--------------------------------------------------------------------------------

-- SECOND.- LEGITIMACY OF THE LAWSUIT.- "THE ASSIGNOR" guarantees the existence and legitimacy of the litigation rights transferred by means of this Agreement to "THE ASSIGNEE";

regarding the credit agreements and judicial proceedings referred to in this public deed's Recitals; pursuant to provisions in articles 2042 two thousand forty-two and 2043 two thousand forty-three of the Federal Civil Code and its applicable counterparts in the Civil Code in force for each one the United States of the Mexican Republic. --------------------------------------------------------

-- THIRD.- <u>NOTIFICATION TO DEBTOR AND OTHER OBLIGORS.</u>- Due to the celebration of this agreement and in conformity with provisions of article 2036 two thousand thirty-six of the Civil Code as well as its counterparts in the Civil Code in force for the other States of the Mexican Republic, "THE ASSIGNEE" obligates itself to notify the debtors or to any other obligor described in the Recitals of this Agreement, either judicially or out of court or before two witnesses or a Notary Public, about the assignment of rights celebrated, releasing the "THE ASSIGNOR" of any liability in case a claim is originated for lack of said notification. --------------------------------------

-- FOURTH.- <u>CREDITOR SUBSTITUTION IN THE PUBLIC REGISTRY.</u>- The parties request the trial Judge to send an official notification to the Director of the corresponding Public Commercial and Real Estate Registry according to the place in which the guarantees, granted under the credit agreement, object of this assignment, are located, so the record regarding the creditor's situation is made, and the expenses, taxes, rights, fees or any other expense derived from the registration will be at the expense of "THE ASSIGNEE"; in like manner will be the costs originated by the preparation and notarization of this Assignment of Credit and Litigation Rights Agreement, therefore in case that "THE ASSIGNEE" does not pay the concepts mentioned, he releases "THE ASSIGNOR" and her attorneys from any liability in case that, either by mistake or omission, the latter proceeds to cancel the records and/or taxes constituted in her favor within the credit opening agreement and respective agreements pointed out in this Public Deed's Recitals. ----------

-- FIFTH.- <u>THE PARTIES' DOMICILES.</u>- The parties state as their respective domiciles for effects of this Agreement, the following: ---------------------------------------------------------------

-- "THE ASSIGNOR": Rio Orinoco Poniente number 463 four hundred sixty-three, Colonia del Valle, Municipality: San Pedro Garza Garcia, Nuevo Leon. ----------------------------------------

"THE ASSIGNEE": Via Latina number 123 A one hundred twenty-three letter "A", Colonia Fuentes del Valle, Municipality: San Pedro Garza Garcia, Nuevo Leon. ------------------------------------

-- SIXTH.- <u>OF THIS AGREEMENT'S VALIDITY.</u>- The parties state that in this Agreement there is no error or damage; that, as of today, they make a reciprocal remission from any price surplus or shortage, renouncing to rescinding actions that lawfully correspond for said concepts. ----------

-- SEVENTH.- <u>JURISDICTION AND COMPETENCE.-</u> For the interpretation or compliance of the agreements herein, the parties subject themselves to the competent Courts with residence in the City of Monterrey, Nuevo Leon, expressly renouncing to other jurisdiction that due to any other current or future domicile could correspond. -------------------------------------------------------

---------------------------------- L E G A L   C A P A C I T Y ---------------------------------

-- The appearing parties, having been warned of the penalties imposed on those who incur in false declarations under oath to tell the truth, stated to be: ------------------------------------------------

--- Mrs. BARBARA JOAN BRITTINGHAM SADA, Mexican by birth, born in Mexico City, Distrito Federal, on April 29th twenty-ninth, 1940 nineteen forty, adult, married, entrepreneur, up to date in her Income Tax, without justifying the same at this moment, registered in the Federal Taxpayers' Registry with code BISB-400429-C3A, with domicile in Rio Orinoco Poniente, number 463 four hundred sixty-three, Colonia del Valle, Municipality: San Pedro Garza Garcia, Nuevo Leon and temporarily staying in this City.------------------------------------------------------------

-- Mister ANGEL EDUARDO MARROQUIN-BRITTINGHAM, Mexican by birth, born in this City on January 22nd twenty-second, 1962 nineteen sixty-two, adult, married, entrepreneur, up to date in his Income Tax, without justifying the same at this moment, registered in the Federal Taxpayers' Registry with code MABA-620122, with domicile in Via Latina number 123 A one hundred twenty-three letter "A", Colonia Fuentes del Valle, Municipality: San Pedro Garza Garcia, Nuevo Leon, and temporarily staying in this City. -------------------------------------------------------------------

----------------------------N O T A R I A L   C E R T I F I C A T I O N ----------------------------

-- I, THE NOTARY PUBLIC, ATTEST:- I.- Of this act's truth; II.- Of personally knowing the appearing parties, who I consider with legal capacity to obligate themselves and enter into agreements, without knowing nothing on the contrary; III.- That the text inserted and transcribed agrees exactly with the originals I refer to; IV.- That I had before my sight the documents put on record; V.- That I warned the interested parties about the obligation of registering the first transcript of this Public Deed in the corresponding Public Commercial and Real Estate Registry; VI.- That after warning the grantors of their right to read it by themselves, I read out loud this public deed before them, to whom I explained its extent and legal force and; VII.- Of having fulfilled the requirements of Article (106) one hundred six, of the Notary Law in force, therefore the appearing parties ratify and undersign it in conformity, in my presence, today April 23rd twenty-third, 2008 two thousand eighth.- I ATTEST. ------------------------------

-- "THE ASSIGNOR".- MRS. BARBARA JOAN BRITTINGHAM-SADA.- Signature.- "THE ASSIGNEE" PUNTO OMEGA, S.A. DE C.V., represented by Mr. ANGEL EDUARDO MARROQUIN-BRITTINGHAM.- Signature.- BEFORE ME: CESAR LUCIO CORONADO-HINOJOSA.- Signature and Notary's Seal of Authorization.- I Attest". --------------------------------------------------------------

-- This public deed is DEFINITIVELY AUTHORIZED, today April 23rd, twenty-third, 2008 two thousand eighth, in virtue of not bearing any Tax. ------------------------------------------------------

-------------------------------- L E G A L   C A P A C I T Y --------------------------------------

-- Mr. ANGEL EDUARDO MARROQUIN-BRITTINGHAM, accredits his capacity to appear representing PUNTO OMEGA, SOCIEDAD ANONIMA DE CAPITAL VARIABLE, and the legal existence and subsistence of his represented, with public deed number 13,152 thirteen thousand one hundred fifty-two, dated January 16 sixteenth, 2008 two thousand eighth, granted before Jose Javier Leal Rodriguez, Titular of Notary Public's Office number 111 one hundred eleven,

Commercial and Real Estate Registry of the State of Nuevo Leon, under electronic mercantile folio number 107564*1 one hundred seven thousand five hundred sixty-four, asterisk one, dated February 14 fourteen of 2008 two thousand eighth, which contains the Company's articles of incorporation and the appointment made to the appearing party as its Sole Manager. From said public deed I copy to the letter and where relevant, the following: "ARTICLE FIRST: NAME.- The company will be named PUNTO OMEGA, followed by the words SOCIEDAD ANONIMA DE CAPITAL VARIABLE, or with the initials S.A. de C.V.- ARTICLE SECOND: DOMICILE.- The Company's domicile is established in the Municipality of San Pedro Garza Garcia, Nuevo Leon, United Mexican States.... ARTICLE THIRD: TERM.- The Company's term will be ninety-nine years, starting from the date this public deed is undersigned.- ARTICLE FOURTH: CORPORATE PURPOSE.- The Company's corporate purpose is: a) Purchasing, selling, distribution, commercialization, leasing, manufacturing, repairing, producing, consigning, activation, installation, commission, consultancy, importation and exportation of all kinds of telecommunications and computer equipment, as well as their spare parts and accessories. B) Acquiring, transferring, exporting, importing, mediating, giving or taking in lease, in representation, in commission, in franchise, under a free loan, in exchange or entering into any agreement of transfer of domain, use and enjoyment, regarding any asset, property or real estate necessary to fulfill its corporate purpose.- c) Be partner, shareholder, concessionary or representative of any entity.- d) Acquire and dispose of trade marks, commercial brands, patents, author rights, inventions and processes. e) Obtain and grant loans either for itself or for third parties, granting and receiving guarantees. f) Granting, endorsing, guaranteeing and authorizing in general any title or credit operation.- g) Entering into or executing the acts and operations or agreements that are required to carry out its corporate purpose.- ARTICLE FIFTH: EXCLUSION OF FOREIGNERS.- The Company will not admit, directly or indirectly, foreign investors nor entities as shareholders without a foreigner-exclusion clause. The Company will not recognize any shareholders rights whatsoever to foreign investors or entities without a foreigner-exclusion clause if for some reason they acquire Company's shares, and in such a case proceeding to cancel the titles representing said shares.- ARTICLE SIXTH: CAPITAL. The Company's capital is variable. The Company will have a minimum fixed capital of $50,000.00 (FIFTY THOUSAND PESOS) which can never be less that the amount established by the laws in this matter; thus having a maximum variable capital stock, that will be unlimited...ARTICLE TWENTY-SEVENTH: FACULTIES OF THE ADMINISTRATION BODY. The corporation's administration body is the REPRESENTATIVE OF THE CORPORATION and will have the following attributions that it will exercise before all types of individuals or entities, authorities, organizations and entities in general: ...GENERAL POWER FOR ACTS OF ADMINISTRATION with all kinds of administrative faculties since the power is granted with no limitation whatsoever



The administration system adopted is the one appointing for this position Mister ANGEL EDUARDO MARROQUIN-BRITTINGHAM, to whom are granted all the faculties conferred by these statutes to the administration body. ARTICLE THIRD: ACCEPTANCE OF THE SOLE MANAGER POSITION. The Sole Manager in this act accepts the position conferred to him and swears under oath to perform it faithfully and legally, without having to submit any bond for this effect since the statutes so establish ...". -----------------------------------------------------------------

IT IS FIRST TRANSCRIPT of Public Deed Number 20,724 twenty thousand seven hundred twenty-four, book 95 ninety-five, it goes in 8 eight usable sheets, compared, sealed and signed, issued for PUNTO OMEGA, SOCIEDAD ANONIMA DE CAPITAL VARIABLE use.  In the City of Monterrey, Nuevo Leon, United Mexican States, on the 23rd twenty-third day of the month of April of 2008 two thousand eight. I ATTEST. --------------------------------------------------------------

CÉSAR LUCIO CORONADO HINOJOSA
NOTARY PUBLIC NUMBER 70
COHC-390108-PE6

(Seal)
NOTARY PUBLIC'S OFFICE No. 70
TITULAR
César Lucio Coronado Hinojosa
Monterrey, N.L., Mexico
First District

MAY 20ᵀᴴ, 2008

3071/08

DEL ESTADO
EVO
RIA GE.
EGALIZACIONES

(Seal)
ESTADOS UNIDOS
MEXICANOS
NUEVO LEON STATE
GOVERNMENT
GENERAL SECRETARIAT
LEGALIZATIONS' OFFICE

N. L.

# Mexico

## Apostille

(Convention de La Haye du 5 octobre 1961)

Fee          $255.00
Order No.     3071/08

In Mexico, this public document has been signed

By          MR. CESAR LUCIO CORONADO-HINOJOSA

acting in the capacity of ___ TITULAR NOTARY PUBLIC NUMBER 70 OF THE FIRST REGISTRY
DISTRICT IN MONTERREY, NUEVO LEON

and bears the seal/stamp of ___ NOTARY PUBLIC'S OFFICE NUMBER 70 OF THE FIRST DISTRICT IN
MONTERREY, NUEVO LEON

Certified in MONTERREY, NUEVO LEON __ by ___ MARCELA DENISSE LEAL-ALANIS
               HEAD OF THE LEGALIZATIONS' OFFICE
                         on the __ 20ᵀᴴ __ of ___ May ___ of __ 2008

Signature



ESTADOS UNIDOS MEXICANOS
NUEVO LEON STATE
GOVERNMENT
GENERAL SECRETARIAT
LEGALIZATIONS' OFFICE

Enedina María Moreno Quintanilla
Certified English - Spanish - English Translator
Official Communication No. 574/2008
January 31, 2008

NOTARIA PUBLICA No. 70
TITULAR
C. César Lucio Coronado Hinojosa
Monterrey, N. L., México
Primer Distrito

LIC. CESAR LUCIO CORONADO HINOJOSA
TITULAR

Case 3:08-cv-03190-PJH    Document 9-5    Filed 09/05/2008    Page 16 of 20

Certified English – Spanish – English Translator
Official Communication No. 574/2008
January 31, 2008

-- LIBRO NUMERO (95) NOVENTA Y CINCO.-------------------------------------------

-- ESCRITURA PÚBLICA NÚMERO (20,724) VEINTE MIL SETECIENTOS VEINTICUATRO.-----------

-- EN LA CIUDAD DE MONTERREY, NUEVO LEÓN, ESTADOS UNIDOS MEXICANOS, a los 23 veintitrés días del mes de Abril del 2008 dos mil ocho, Yo, Licenciado CÉSAR LUCIO CORONADO HINOJOSA, Titular de la Notaría Pública Número 70 setenta, con ejercicio en el Primer Distrito Registral en el Estado y residencia en ésta ciudad, hago constar el siguiente acto jurídico:---------

-- CONTRATO DE CESIÓN GRATUITA DE DERECHOS LITIGIOSOS, que celebran por una parte la señora BÁRBARA JOAN BRITTINGHAM SADA, por sus propios derechos, a quien se le denominará como "LA CEDENTE"; por una segunda parte, la sociedad denominada PUNTO OMEGA, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, representada en éste acto por el señor ÁNGEL EDUARDO MARROQUÍN BRITTINGHAM, cuya personalidad acreditará de la manera que posteriormente se hará constar, y a quien se le designará como "EL CESIONARIO", quienes comparecen al tenor de los siguientes Antecedentes, Declaraciones y Cláusulas:--------------------

------------------------------- A N T E C E D E N T E S -------------------------------

-- I.- El día 09 nueve de mayo del 2000 dos mil, la señora MARÍA DE JESÚS AGUIRRE MALDONADO, en su carácter de Representante Legal de JUAN ROBERTO BRITTINGHAM AGUIRRE, promovió en el Juzgado Octavo de lo Civil del Primer Distrito Judicial en el Estado, (ahora Juzgado Tercero de Jurisdicción Concurrente del Primer Distrito Judicial del Estado), una TERCERÍA EXCLUYENTE DE PREFERENCIA, en contra de BÁRBARA JOAN BRITTINGHAM SADA y la Sucesión Testamentaria a Bienes del señor JUAN ROBERTO BRITTINGHAM MC LEAN, como ejecutante y ejecutado respectivamente, dentro de los autos del expediente número 960/98 relativo al diverso JUICIO EJECUTIVO MERCANTIL, misma que quedó radicada bajo el expediente número 385/2000 trescientos ochenta y cinco diagonal dos mil, tramitado en ese mismo Juzgado, reclamando por parte del C. Juez en cuestión la preferencia de crédito por mayor derecho del señor JUAN ROBERTO BRITTINGHAM AGUIRRE, sobre el de la ejecutante en el juicio principal, además de la declaración de preferencia del mismo señor JUAN ROBERTO BRITTINGHAM AGUIRRE sobre la ejecutante del Juicio Principal para cobrar el crédito que tiene a su favor sobre los bienes patrimonio de la ejecutada Sucesión Testamentaria a Bienes del señor JUAN ROBERTO BRITTINGHAM MC LEAN, resolviendo dicho expediente el Juez Octavo de lo Civil del Primer Distrito Judicial en el Estado, en definitiva el día 11 once de enero del 2002 dos mil dos, de la siguiente manera: "...Por lo anteriormente expuesto y fundado, se resuelve lo siguiente; PRIMERO: Se declara que no ha procedido legalmente el presente juicio de TERCERÍA EXCLUYENTE DE PREFERENCIA promovido por la C. LIC. MARIA DE JESUS AGUIRRE MALDONADO, en representación de JUAN ROBERTO BRITTINGHAM AGUIRRE en contra de BARBARA JOAN BRITINGHAM SADA y la Sucesión Testamentaria de Bienes de JUAN ROBERTO BRITTINGHAM MC LEAN como ejecutante y ejecutado respectivamente dentro del diverso Juicio Ejecutivo Mercantil radicado ante esta Autoridad bajo el número 960/98, estableciéndose la preferencia de la ejecutante sobre la del tercer opositor, para pagarse el crédito a su favor con el producto del remate de los bienes embargados dentro del Juicio Principal, o en su defecto con la adjudicación de los bienes referidos, quedando revocada desde este momento la suspensión del pago o de adjudicación concedida mediante auto admisorio de fecha 9-nueve de Mayo del año 2000-dos mil, de lo cual habrá de tomarse nota en el Juicio Principal. SEGUNDO: Se condena a la

respectivo. TERCERO: Notifíquese personalmente.- Así lo resolvió en definitiva el C. LIC. ABRAHAM GUILLEN SANDOVAL, Juez Octavo de lo Civil del Primer Distrito Judicial en el Estado.- DOY FE.- Rúbricas.- La resolución que antecede se publicó en el Boletín Judicial número 3477, de fecha 11 de enero del año 2002.- Conste.- C. Secretario.- DOY FE".------------------------------

-- II.- Que sobre el citado Juicio, la señora BÁRBARA JOAN BRITTINGHAM SADA promovió un Juicio de Amparo número 356/2003 trescientos cincuenta y seis diagonal dos mil tres, en el Tribunal Colegiado en Materia Civil del Cuarto Circuito en contra de actos del Magistrado de la Séptima Sala del H. Tribunal Superior de Justicia del Estado de Nuevo León, que los hizo consistir en la sentencia definitiva de fecha 30 treinta de junio del 2003 dos mil tres, dictada dentro del toca de apelación en definitiva 589/2002 quinientos ochenta y nueve diagonal dos mil dos, deducido del expediente 385/2000 trescientos ochenta y cinco diagonal dos mil, y para cumplimentar la Ejecutoria dictada por dicha autoridad, el C. Magistrado de la Séptima Sala del H. Tribunal Superior de Justicia del Estado de Nuevo León resolvió el toca en definitiva número 589/2002 quinientos ochenta y nueve diagonal dos mil dos, el día 1º primero de marzo del 204 dos mil cuatro, cuyos puntos resolutivos, dicen a la letra y en lo conducente lo siguiente: "...Por lo anteriormente expuesto y fundado, es de resolverse y se resuelve: PRIMERO:- Se cumplimenta la ejecutoria pronunciada por el Primer Tribunal Colegiado en Materia Civil del Cuarto Circuito, el día 20-veinte de Febrero del 2004-dos mil cuatro, dentro del JUICIO DE AMPARO DIRECTO NÚMERO 356/2003 promovido por la señora BÁRBARA JOAN BRITTINGHAM SADA, por sus propios derechos, en contra de actos del suscrito Magistrado de la Séptima Sala del H. Tribunal Superior de Justicia en el Estado de Nuevo León, que los hizo consistir en la sentencia definitiva de fecha 30-treinta de Junio del 2003-dos mil tres, dictada dentro del toca de apelación en definitiva número 589/2002.- SEGUNDO:- En acatamiento a lo ordenado en la ejecutoria de amparo que se cumplimenta, y con apoyo en lo dispuesto por el artículo 106 de la Ley de Amparo en vigor, el suscrito Magistrado procede a dejar intactas las diversas consideraciones que se sustentaron en la sentencia dictada en ésta instancia en fecha 30-treinta de Junio del 2003-dos mil tres, dentro de los autos del toca en definitiva número 589/2002, y en debido cumplimiento a la aludida resolución, con libertad de jurisdicción, el suscrito Magistrado se pronuncia respecto a las costas en ésta Alzada por cuanto hace a la codemandada Bárbara Joan Brittingham Sada; en consecuencia; TERCERO:- Son infundados, inoperantes por improcedentes así como por una parte insuficientes, los conceptos de agravio formulados por la parte actora MARÍA DE JESÚS AGUIRRE MALDONADO, en su carácter de Representante Legal del señor JUAN ROBERTO BRITTINGHAM AGUIRRE, en contra de la sentencia definitiva de fecha 11-once de Enero del 2002-dos mil dos, pronunciada por el C. Juez Octavo de lo Civil del Primer Distrito Judicial en el Estado, dentro del expediente judicial número 385/2000, relativo a la TERCERÍA EXCLUYENTE DE PREFERENCIA, promovida por MARÍA DE JESÚS AGUIRRE MALDONADO, en su carácter de Representante Legal del señor JUAN ROBERTO BRITTINGHAM AGUIRRE, en contra de BÁRBARA JOAN BRITTINGHAM SADA y la SUCESIÓN TESTAMENTARIA A BIENES DE JUAN ROBERTO BRITTINGHAM MC LEAN; procedimiento del cual conoce esta Sala en grado de apelación en definitiva dentro del toca número 589/2002; CUARTO:- Son por una parte inatendibles y por la otra inoperantes por insuficientes los agravios esgrimidos por el C. José Flores-Zaher Diab, en su carácter de Albacea de la Sucesión codemandada, dentro del

Enedina María Morено Quiñi
Certified English - Spanish - English
Official Communication No. 5
January 31, 2008

NOTARIA PUBLICA No. 70
TITULAR
ic. César Lucio Coronado Hinojosa
Monterrey, N. L., México
Primer Distrito

LIC. CESAR LUCIO CORONADO HINOJOSA
TITULAR

Case 3:08-cv-03190-PJH    Document 9-5    Filed 09/03/2008    Page 1 of 26

cada una de sus partes. SEXTO:- Por los razonamientos vertidos en el considerando quinto del presente fallo, se condena al tercerista apelante, a pagar a la parte demandada, es decir, tanto a la Sucesión Testamentaria a bienes de Juan Roberto Brittingham McLean, como también a la C. Bárbara Joan Brittingham Sada, las costas que erogaran con motivo de su defensa en ambas instancias, previa su liquidación en ejecución de sentencia; Por otra parte, respecto del recurso de apelación interpuesto por la sucesión testamentaria codemandada, no se hace condenación alguna de gastos y costas en lo que hace a ésta Segunda Instancia, debiendo cada parte soportar las que por su tramitación hubiesen tenido que erogar. SÉPTIMO:- Notifíquese personalmente. Con testimonio de éste fallo comuníquese mediante oficio el presente cumplimiento al Primer Tribunal Colegiado en Materia Civil del Cuarto Circuito, así como al Juzgado de origen, para los efectos legales a que haya lugar.- Así definitivamente juzgando, lo resolvió y firma el Ciudadano Licenciado JOSÉ PATRICIO GONZÁLEZ MARTÍNEZ, Magistrado de la Séptima Sala del Honorable Tribunal Superior de Justicia en el Estado.- DOY FE.- Rúbricas.- La resolución que antecede se publicó en el Boletín Judicial número 3977 del día 1º del mes de Marzo del año 2004.- DOY FE.- LIC. IVETTE LILIAN GÁLVEZ TREVIÑO. C. SECRETARIO.- Rúbrica".-------------------------------------------------------------------------------------------------------

-- III.- Que el día 12 doce de julio del 2007 dos mil siete, se resolvió interlocutoriamente el Incidente de Liquidación de Gastos y Costas que en ejecución de sentencia planteó JOSÉ ALFREDO CASTILLO FLORES, dentro del expediente judicial número 385/2000 trescientos ochenta y cinco diagonal dos mil, relativo a la TERCERÍA EXCLUYENTE DE PREFERENCIA promovida por la señora MARÍA DE JESÚS AGUIRRE MALDONADO, en su carácter de Representante Legal de JUAN ROBERTO BRITTINGHAM AGUIRRE, en contra de BÁRBARA JOAN BRITTINGHAM SADA y la Sucesión Testamentaria a Bienes del señor JUAN ROBERTO BRITTINGHAM MC LEAN, misma que tengo a la vista, y dice a la letra y en lo conducente lo siguiente: "...VISTO:- Para resolver interlocutoriamente el Incidente de Liquidación de Gastos y Costas, que en Ejecución de Sentencia plantea JOSÉ ALFREDO CASTILLO FLORES, dentro del expediente judicial número 385/2000, relativo a la TERCERÍA EXCLUYENTE DE PREFERENCIA, promovida por MARÍA DE JESÚS AGUIRRE MALDONADO, en su carácter de Representante Legal de JUAN ROBERTO BRITTINGHAM AGUIRRE, en contra de BÁRBARA JOAN BRITTINGHAM SADA y la SUCESIÓN TESTAMENTARIA A BIENES DE JUAN ROBERTO BRITTINGHAM MC LEAN, Visto:- el escrito incidental, cuanto más consta en autos, convino, debió verse y: RESULTANDO ...CONSIDERANDO...POR LO ANTERIORMENTE EXPUESTO Y FUNDADO, ES DE RESOLVERSE Y SE RESUELVE:- PRIMERO:- Se declara que el Incidentista acreditó parcialmente los hechos constitutivos de su acción incidental.- SEGUNDO:- Se declara procedente el presente Incidente de Liquidación de Costas, que en Ejecución de Sentencia plantea JOSÉ ALFREDO CASTILLO FLORES en su carácter de Apoderado General para Pleitos y Cobranzas de la señora BÁRBARA JOAN BRITTINGHAM SADA dentro del presente expediente judicial número 385/2000 relativo a la TERCERÍA EXCLUYENTE DE PREFERENCIA promovida por MARÍA DE JESÚS AGUIRRE MALDONADO en su carácter de Representante Legal de JUAN ROBERTO BRITTINGHAM AGUIRRE, en contra de BÁRBARA JOAN BRITTINGHAM SADA y la SUCESIÓN TESTAMENTARIA A BIENES DE JUAN ROBERTO BRITTINGHAM MC LEAN, en consecuencia: TERCERO:- Se condena al tercerista a pagar a la parte demandada la cantidad de $1'210,035.80 (UN MILLÓN

presente incidente.- CUARTO:- Se condena al tercerista a pagar a la parte demandada de la cantidad de $604,800.00 (SEISCIENTOS CUATRO MIL OCHOCIENTOS DÓLARES 60/100 (sic) MONEDA DELOS ESTADOS UNIDOS DE AMÉRICA) o su equivalente en moneda nacional al tipo de cambio vigente en el momento del pago, con motivo de la tramitación del Recurso de Apelación tramitado en autos, Notifíquese personalmente.- Así, interlocutoriamente juzgando, lo resolvió y firma el C. Licenciado ABRAHAM GUILLÉN SANDOVAL, Juez Tercero de Jurisdicción Concurrente del Primer Distrito Judicial en el Estado.- DOY FE.- C. SECRETARIO.- Rúbrica.- La resolución que antecede se publicó en el Boletín Judicial número 4771 del 12 de julio del año 2007-dos mil siete.- DOY FE.- C. SECRETARIO.- Rúbrica".-------------------------------------------------
------------------------------ D E C L A R A C I O N E S -----------------------------------------
-- I.- Declara la señora BÁRBARA JOAN BRITTINGHAM SADA, que por así convenir a sus intereses, es su voluntad **CEDER GRATUITAMENTE LOS DERECHOS LITIGIOSOS** que le corresponden, tanto del **JUICIO EJECUTIVO MERCANTIL** que se lleva en el Juzgado Octavo de lo Civil del Primer Distrito Judicial en el Estado, (ahora Juzgado Tercero de Jurisdicción Concurrente del Primer Distrito Judicial del Estado) **bajo el expediente judicial número 960/98 novecientos sesenta diagonal noventa y ocho**, así como los derechos que se derivan de la resolución de fecha 11 de Enero de 2002 misma que puso fin en primera instancia al Juicio 385/2000 trescientos ochenta y cinco diagonal dos mil, del Juzgado Tercero de Jurisdicción Concurrente del Primer Distrito Judicial en el Estado de Nuevo León, relativo a la Tercería Excluyente de Preferencia; de los derechos derivados de la resolución del toca en definitiva número 589/2002 quinientos ochenta y nueve diagonal dos mil dos, de fecha 1º primero de marzo de 2004 dos mil cuatro; y los derechos sobre el **INCIDENTE DE LIQUIDACIÓN DE GASTOS Y COSTAS**, declarado por el C. Juez Octavo de lo Civil del Primer Distrito Judicial en el Estado, (ahora Juez Tercero de Jurisdicción Concurrente del Primer Distrito Judicial del Estado Octavo de lo Civil, el día 12 doce de julio del 2007 dos mil siete dentro del expediente judicial número 385/2000 trescientos ochenta y cinco diagonal dos mil, y que ha quedado señalado en el antecedente III tercero de esta escritura.------------------------------------
-- II.- Declara el señor ÁNGEL EDUARDO MARROQUÍN BRITTINGHAM, en representación de PUNTO OMEGA, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE:----------------------------------
-- a).- Que es voluntad y que por así convenir a los intereses de su representada, mediante el presente contrato, adquirir la titularidad de los derechos litigiosos que le correspondan a la señora BÁRBARA JOAN BRITTINGHAM SADA, y que quedaron descritos y señalados en el apartado de Antecedentes de esta escritura.-----------------------------------------------
-- b).- Que cuenta con la capacidad jurídica necesaria para la celebración del presente Contrato en sus términos y condiciones.------------------------------------------------------
-- c).- Que es sabedor y tiene conocimiento pleno de la situación en que se encuentra actualmente el procedimiento judicial instaurado para la recuperación del mismo.------------------
-- III.- Declaran ambos contratantes que tomando en consideración lo anteriormente expuesto, manifiestan su interés en celebrar el presente contrato conforme las siguientes:------------------
----------------------------- C L Á U S U L A S ------------------------------------------------
-- PRIMERA.- DE LA CESIÓN.- La señora BÁRBARA JOAN BRITTINGHAM SADA, CEDE Y TRANSFIERE a favor de PUNTO OMEGA, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE,

Enedina María Moreno Quinta
Certified English - Spanish - English
Official Communication No. 574
January 31, 2008

NOTARIA PUBLICA NO. 76
T I T U L A R
c. César Lucio Coronado Hinojosa
Monterrey, N. L., México
Primer Distrito

LIC. CÉSAR LUCIO CORONADO HINOJOSA
T I T U L A R

Case 3:08-cv-03190-PJH    Document 9-5    Filed 09/03/2008    Official Communication No. 574/2008

January 31, 2008

lleva en el Juzgado Octavo de lo Civil del Primer Distrito Judicial en el Estado, (ahora Juzgado Tercero de Jurisdicción Concurrente del Primer Distrito Judicial del Estado) **bajo el expediente judicial número 960/98 novecientos sesenta diagonal noventa y ocho**, como del **INCIDENTE DE LIQUIDACIÓN DE GASTOS Y COSTAS**, declarado por el C. Juez Octavo de lo Civil del Primer Distrito Judicial en el Estado, (ahora Juez Tercero de Jurisdicción Concurrente del Primer Distrito Judicial del Estado Octavo de lo Civil, el día 12 doce de julio del 2007 dos mil siete, éste último relativo a los gastos y costas judiciales generados por motivo de la Tercería Excluyente de Preferencia promovida por la señora MARÍA DE JESÚS AGUIRRE MALDONADO, en su carácter de Representante Legal de JUAN ROBERTO BRITTINGHAM AGUIRRE, en contra de BÁRBARA JOAN BRITTINGHAM SADA y la Sucesión Testamentaria a Bienes del señor JUAN ROBERTO BRITTINGHAM MC LEAN, así como los gastos y costas generados por motivo de privilegios, garantías hipotecarias, prendarias y demás accesorios derivados de los citados juicios.------------------------------------------------------------------------------------------------------------

-- En igual forma cede los derechos que se derivan de la resolución de fecha 1º primero de marzo del 2004 dos mil cuatro, misma que resolvió el toca en definitiva número 589/2002 quinientos ochenta y nueve diagonal dos mil dos, así como los derechos que se derivan de la resolución de fecha 11 de Enero de 2002 misma que puso fin en primera instancia al Juicio 385/2000 trescientos ochenta y cinco diagonal dos mil, del Juzgado Tercero de Jurisdicción Concurrente del Primer Distrito Judicial en el Estado de Nuevo León, relativo a la Tercería Excluyente de Preferencia, promovida por María de Jesús Aguirre Maldonado, en su carácter de Representante Legal de JUAN ROBERTO BRITTINGHAM AGUIRRE, en contra de BÁRBARA JOAN BRITTINGHAM SADA y la Sucesión Testamentaria a Bienes del señor JUAN ROBERTO BRITTINGHAM MCLEAN, donde se establece la preferencia y el derecho que tiene la señora BARBARA JOAN BRITTINGHAM SADA para ser pagada en primer término con respecto a cualquier otro acreedor incluyendo al señor JUAN ROBERTO BRITTINGHAM AGUIRRE.------------

-- SEGUNDA.- LEGITIMIDAD DEL LITIGIO.- "LA CEDENTE" garantiza a "EL CESIONARIO" la existencia y legitimidad de los derechos de litigio que mediante el presente Contrato le transmite; más no así la solvencia del deudor, ni la integridad y subsistencia de las garantías constituidas, respecto de los contratos de créditos y procedimientos judiciales referidos en el apartado de Antecedentes de este instrumento; de conformidad a lo dispuesto por los artículos 2042 dos mil cuarenta y dos, y 2043 dos mil cuarenta y tres, del Código Civil Federal y sus correlativos aplicables del Código Civil vigente para cada uno de los Estados Unidos de la Republica Mexicana.-----------------------------------------------------------------------------------------------

-- TERCERA.- NOTIFICACIÓN AL DEUDOR Y DEMÁS OBLIGADOS.- "EL CESIONARIO" con motivo de la celebración del presente contrato, y de conformidad con lo dispuesto por el artículo 2036 dos mil treinta y seis, del Código Civil Federal y sus correlativos del Código Civil vigente para los demás Estados de la Republica Mexicana, se obliga a notificarle a las partes deudoras o a cualesquier otro obligado descrito en el apartado de Antecedentes de este instrumento, ya sea judicial o extrajudicialmente o ante dos testigos o Notario Público, de la cesión de los derechos que se celebra, dejando sin responsabilidad a la "LA CEDENTE" para el caso de que se origine alguna reclamación por la falta de dicha notificación.-------------------------------------------------

-- CUARTA.- SUSTITUCIÓN DE ACREEDOR EN REGISTRO PÚBLICO.- Las partes solicitan al Juez

otorgadas al amparo del contrato de crédito objeto de la presente cesión, a efecto de que se haga la anotación respectiva de la sustitución de acreedor, corriendo a cargo de "EL CESIONARIO" los gastos, impuestos, derechos, honorarios o cualquier otro concepto que se origine por la inscripción, de igual manera correrán a su cargo los costos que se originen por la elaboración y formalización del presente contrato de Cesión de Derechos de Crédito y Litigiosos, por lo que en caso de que "EL CESIONARIO" no haga el pago de los conceptos señalados, libera a "LA CEDENTE", y a sus apoderados de cualquier responsabilidad en caso de que por error u omisión este último procediera a cancelar los registros y/o gravámenes constituidos a su favor dentro del contrato de apertura de crédito y convenios respectivos señalados en el apartado de Antecedentes del presente instrumento.---------------------------------------------------------------

-- QUINTA.- <u>DOMICILIO DE LAS PARTES.-</u> Las partes señalan como sus respectivos domicilios para los efectos de este contrato, los siguientes:-----------------------------------------------------

-- "LA CEDENTE": Río Orinoco número 463 cuatrocientos sesenta y tres poniente, de la Colonia del Valle, en el Municipio de San Pedro Garza García, Nuevo León.-------------------------------

-- "EL CESIONARIO": Vía Latina número 123 A ciento veintitrés letra "A", de la Colonia Fuentes del Valle, en el Municipio de San Pedro Garza García, Nuevo León.-------------------------------

-- SEXTA.- <u>DE LA VALIDEZ DEL CONTRATO.-</u> Expresan las partes que en el presente convenio, no existe error ni lesión, que desde ahora se hacen recíproca remisión de cualquier exceso o falta en el precio, renunciando a las acciones rescisorias que por tales conceptos se derivan en derecho.------------------------------------------------------------------------------------------

-- SÉPTIMA.- <u>JURISDICCIÓN Y COMPETENCIA.-</u> Para la interpretación o cumplimiento de lo aquí pactado, las partes se someten a los Tribunales competentes con residencia en la ciudad de Monterrey, Nuevo León, renunciando expresamente al fuero que por cualquier otro domicilio en el presente o futuro pudieran corresponderles.---------------------------------------------------------

--------------------------------------- P E R S O N A L I D A D ----------------------------------------

-- La personalidad con que comparece el señor ÁNGEL EDUARDO MARROQUÍN BRITTINGHAM, en representación de PUNTO OMEGA, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, se acredita ampliamente en el apéndice de esta escritura, de conformidad con lo dispuesto por la fracción VIII óctava del artículo 106 ciento seis, de la Ley del Notariado en vigor.---------------------------

--------------------------------------- G E N E R A L E S ----------------------------------------

-- Apercibidos los comparecientes sobre las penas en que incurren quienes declaran con falsedad, bajo protesta de decir verdad manifestaron ser:----------------------------------------------

-- La señora BÁRBARA JOAN BRITTINGHAM SADA, mexicana por nacimiento, originaria de México, Distrito Federal, donde nació el día 29 veintinueve de Abril de 1940 mil novecientos cuarenta, mayor de edad, casada, empresaria, al corriente en el pago del Impuesto sobre la Renta, sin justificarlo de momento, inscrita en el Registro Federal de Contribuyentes con la clave BISB-400429-C3A, con domicilio en la calle Río Orinoco número 463 cuatrocientos sesenta y tres poniente, de la Colonia del Valle, en el Municipio de San Pedro Garza García, Nuevo León, y de paso por ésta ciudad.---------------------------------------------------------------------------------

-- El señor ÁNGEL EDUARDO MARROQUÍN BRITTINGHAM, mexicano por nacimiento, originario de ésta ciudad, donde nació el día 22 veintidós de enero de 1962 mil novecientos sesenta y dos, mayor de edad, casado, empresario, al corriente en el pago del Impuesto sobre la Renta, sin

Enedina María Moreno Qui
Certified English - Spanish - Engli
Official Communication No.
January 31, 2008

Colonia Fuentes del Valle, en el Municipio de San Pedro Garza García, Nuevo León, y de paso por ésta Ciudad.------------------------------------------------------------------------------------------

------------------------------------------ F E   N O T A R I A L ------------------------------------------

-- YO EL NOTARIO DOY FE:- I.- De la verdad de este acto; II.- De conocer personalmente a los comparecientes, a quienes considero con capacidad legal para obligarse y contratar, sin que me conste nada en contrario; III.- De que lo inserto y transcrito concuerda exactamente con sus originales a los que me remito; IV.- De que tuve a la vista los documentos de que se tomó razón; V.- De haber advertido a los interesados la obligación que se tiene de inscribir el primer testimonio que de esta Escritura se expida en el Registro Público de la Propiedad y del Comercio correspondiente; VI.- De que advertidos del derecho que tienen de leerla por sí mismos, leí en voz alta la presente escritura a los otorgantes, a quienes expliqué el alcance y fuerza legal de la misma y; VII.- De haber cumplido con los requisitos del Artículo (106) ciento seis, de la Ley del Notariado en vigor, por cuyo motivo los comparecientes la ratifican y firman de conformidad en mi presencia hoy día 23 veintitrés de Abril del 2008 dos mil ocho.- DOY FE.------------------------

-- "LA CEDENTE".- SRA. BÁRBARA JOAN BRITTINGHAM SADA.- Firma.- "EL CESIONARIO".- PUNTO OMEGA, S.A. DE C.V., representada por el señor ÁNGEL EDUARDO MARROQUÍN BRITTINGHAM.- Firma.- ANTE MÍ: LIC. CÉSAR LUCIO CORONADO HINOJOSA.- Firma y Sello Notarial de Autorizar.- Doy Fe".----------------------------------------------------------------------

-- SE AUTORIZA DEFINITIVAMENTE esta escritura, hoy día 23 veintitrés de abril del 2008 dos mil ocho, en virtud de no causar ningún Impuesto.----------------------------------------------------

-------------------------------------- P E R S O N A L I D A D --------------------------------------

-- El señor ÁNGEL EDUARDO MARROQUÍN BRITTINGHAM, acredita el carácter con que comparece en representación de PUNTO OMEGA, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, y la existencia y subsistencia legal de su representada, con la escritura pública número 13,152 trece mil ciento cincuenta y dos, de fecha 16 dieciséis de enero del 2008 dos mil ocho, otorgada ante la fe del Licenciado José Javier Leal Rodríguez, Titular de la Notaría Pública número 111 ciento once, con ejercicio en el Primer Distrito Registral en el Estado, misma que quedó inscrita en el Registro Público de la Propiedad y del Comercio del Estado de Nuevo León, bajo el folio mercantil electrónico número 107564*1 ciento siete mil quinientos sesenta y cuatro asterisco uno, de fecha 14 catorce de febrero del 2008 dos mil ocho, y que contiene el acta constitutiva de la Sociedad, y el nombramiento que le hacen al compareciente como Administrador Único de la misma. De dicha escritura, copio a la letra y en lo conducente, lo siguiente: "...ARTÍCULO PRIMERO: DENOMINACIÓN.- La sociedad se denominará PUNTO OMEGA, debiendo ser seguida de las palabras SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, o en su defecto, de las iniciales S.A. DE C.V.- ARTÍCULO SEGUNDO: DOMICILIO.- El domicilio de la sociedad se establece en el municipio de San Pedro Garza García, Nuevo León, Estados Unidos Mexicanos...ARTÍCULO TERCERO: DURACIÓN.- La duración de la sociedad será de noventa y nueve años, contados a partir de la fecha de firma de esta escritura.- ARTÍCULO CUARTO: OBJETO.- El objeto de la sociedad es: a) Compra, venta, distribución, comercialización, renta, fabricación, reparación, producción, consignación, activación, instalación, comisión, asesoría, importación y exportación de toda clase de equipo de telecomunicaciones y cómputo, así como de sus refacciones y accesorios. b) Adquirir, enajenar, exportar, importar, mediar, dar o tomar en arrendamiento, en representación, en comisión, en concesión, en comodato, en permuta o celebrar cualquier contrato traslativo de dominio, de uso o de goce, respecto de cualquier bien, mueble o inmueble,

necesario para el desempeño de su objeto social.- c) Ser socio, accionista, concesionario o representante de cualquier persona moral.- d) Adquirir y disponer de marcas, nombres comerciales, patentes, derechos de autor, invenciones y procesos. e) Obtener y otorgar préstamos para sí o para terceros, dando y recibiendo garantías. f) Otorgar, endosar, avalar y autorizar en general cualquier título u operación de crédito.- g) Celebrar o ejecutar los actos, operaciones o contratos que se requieran para realizar su objeto social.- ARTÍCULO QUINTO: EXCLUSIÓN DE EXTRANJEROS.- La sociedad no admitirá directa ni indirectamente como accionistas a inversionistas extranjeros ni a sociedades sin cláusula de exclusión de extranjeros. La sociedad no reconocerá en lo absoluto derechos de accionistas a inversionistas extranjeros o a sociedades sin cláusula de exclusión que por algún motivo adquieran acciones de la sociedad, procediéndose en tal caso a la cancelación de los títulos representativos de dichas acciones.- ARTÍCULO SEXTO: CAPITAL. El capital de la sociedad es variable. La sociedad tendrá un capital mínimo fijo de $50,000.00 (CINCUENTA MIL PESOS) el cual nunca podrá ser menor de la cantidad que establezcan las leyes de la materia; teniendo asimismo un capital social máximo variable, que será ilimitado...ARTÍCULO VIGÉSIMO SÉPTIMO: FACULTADES DEL ÓRGANO DE ADMINISTRACIÓN. El órgano de administración de la sociedad es el REPRESENTANTE DE LA SOCIEDAD, y tendrá las siguientes atribuciones que ejercerá ante toda clase de personas físicas o morales, autoridades, organismos y entes en general:...PODER GENERAL PARA ACTOS DE ADMINISTRACIÓN con toda clase de facultades administrativas, pues el poder se otorga sin limitación alguna, en los términos del artículo 2554-dos mil quinientos cincuenta y cuatro, párrafo segundo, del Código Federal, correlativo 2448-dos mil cuatrocientos cuarenta y ocho, párrafo segundo, del Código Civil del Estado de Nuevo León, y sus correlativos de los Códigos Civiles del resto de las entidades federativas del país...TRANSITORIOS...ARTÍCULO SEGUNDO: NOMBRAMIENTO DE ADMINISTRADOR ÚNICO. Se adopta como sistema de administración el de administrador único, designándose para tal cargo al señor ÁNGEL EDUARDO MARROQUÍN BRITTINGHAM, a quien se le otorgan las facultades conferidas en estos estatutos al órgano de administración. ARTÍCULO TERCERO: ACEPTACIÓN DE CARGO DE ADMINISTRADOR ÚNICO. El administrador único en este acto acepta el cargo que se le confiere y protesta desempeñarlo fiel y legalmente, sin que tenga que otorgar garantía para tal efecto pues los estatutos así lo establecen...".-----------------------------------------------------------------------------------------------

-- ES PRIMER TESTIMONIO de la Escritura Pública Número 20,724 veinte mil setecientos veinticuatro, Libro 95 noventa y cinco, va en 8 ocho fojas útiles, cotejadas, selladas y rubricadas, que se expide para uso de PUNTO OMEGA, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE. En la Ciudad de Monterrey, Nuevo León, Estados Unidos Mexicanos, a los 23 veintitrés días del mes de Abril del 2008 dos mil ocho.- DOY FE.----------------------------------------------------------------------

LIC. CÉSAR LUCIO CORONADO HINOJOSA
NOTARIO PÚBLICO NÚMERO 70
COHC-390108-PE6

*Nina M. de Reseo*
Enedina María Moreno Quintanilla

**México**

3071/08

**Apostille**

(Convention de La Haye du 5 octobre 1961)

**N. L.**

Derechos  $255.00

No. orden  3071/08

En México el presente documento público ha sido firmado

por LIC. CÉSAR LUCIO CORONADO HINOJOSA,

quien actúa en calidad de NOTARIO PÚBLICO TITULAR NÚMERO 70 DEL PRIMER DISTRITO

REGISTRAL EN MONTERREY, NUEVO LEÓN

y está revestido del sello correspondiente a NOTARÍA PÚBLICA NÚMERO 70 DEL PRIMER

DISTRITO EN MONTERREY, NUEVO LEÓN

Certificado en MONTERREY, NUEVO LEON por LIC. MARCELA DENISSE LEAL ALANIS,

JEFA DE LA UNIDAD DE LEGALIZACIONES

el 20 de Mayo de 2008

GOBIERNO DEL ESTADO
DE NUEVO LEÓN
SECRETARIA GENERAL
UNIDAD DE LEGALIZACIONES

Enedina María Moreno Quintanilla
Certified English - Spanish - English Translator
Official Communication No. 574/2008
January 31, 2008

1  FLETCHER C. ALFORD  (SBN: 152314)
   falford@gordonrees.com
2  PHILLIP K. WANG  (SBN: 186712)
   pwang@gordonrees.com
3  RYAN B. POLK (SBN: 230769)
   rpolk@gordonrees.com
4  GORDON & REES, LLP
   275 Battery Street, Suite 2000
5  San Francisco, California  94111
   Telephone:    (415) 986-5900
6  Facsimile:    (415) 986-8054

7  Attorneys for Plaintiff
   PUNTO OMEGA S.A. DE C.V.

8
                    UNITED STATES DISTRICT COURT
9
        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
10

11  PUNTO OMEGA S.A. DE C.V., a Mexican    )    CASE NO. 08-CV-03190-PJH
    corporation,                          )
12                                        )    **DECLARATION OF CARLOS**
                                          )    **ALBERTO CORONADO ACOSTA IN**
13                        Plaintiff,      )    **SUPPORT OF MOTION TO**
                                          )    **RECOGNIZE FOREIGN JUDGMENT**
    vs.                                   )
14                                        )
    JUAN ROBERTO BRITTINGHAM-             )    Date:  October 29, 2008
15  AGUIRRE a/k/a JOHN ROBERT             )    Time:  9:00 a.m.
    BRITTINGHAM-AGUIRRE, an individual,   )    Place: Ctrm. 3, 17th Floor
16                                        )           450 Golden Gate Ave.
                          Defendant.      )           San Francisco, CA 94102
17                                        )    Judge: Hon. Phyllis J. Hamilton
18

19       I, Carlos Alberto Coronado Acosta, declare:

20       1.    I am an attorney licensed to practice law in Mexico.  I have personal knowledge

21  of the matters stated in this declaration and I could competently testify thereto if called as a

22  witness.

23       2.    I am an associate at GJ Y ASOCIADOS, ABOGADOS, S.C., Law firm in

24  Monterrey, Nuevo León, Mexico.  I have been licensed to practice since June 14th, 2006.  My

25  practice focuses on civil and criminal law.

26       3.    I received my law degree from, Instituto de Estudios Superiores de Monterrey,

27  ITESM, in 2005.

28       4.    I have reviewed and am familiar with the Judgment in the "Ancillary Proceeding

                                          1

DECLARATION OF CARLOS ALBERTO CORONADO ACOSTA IN SUPPORT OF
MOTION TO RECOGNIZE FOREIGN JUDGMENT                    CASE NO. 08-CV-03190-PJH

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  For Determination Of Expenses And Fees," case number 385/2000, which was issued by The

2  First Judicial District of the State of Nuevo Leon, in the city of Monterrey (hereinafter the

3  "Judgment").  A true and correct copy of the Judgment is attached as Exhibit A to the declaration

4  of Barbara Joan Brittingham-Sada.

5      5.    The Judgment requires Juan Roberto Brittingham-Aguirre to pay Barbara Joan

6  Brittingham-Sada, Plaintiff's processor-in-interest, a total of $1,814,835.80 (U.S. Dollars) for

7  court awarded judicial fees and constitutes a money judgment under applicable Mexican law.

8  According to articles 1082 through 1088 and 1376-bis of the Mexican Commerce Code, this is

9  not a judgment for taxes, fines, or other penalty, or a judgment for divorce, support, or

10  maintenance, or other judgment rendered in connection with domestic relations.

11     6.    The Judgment is final, conclusive, and enforceable under the law of Mexico.

12     I declare under penalty of perjury under the laws of the United States that the foregoing is

13  true and correct.

14     Executed this 27th day of August, 2008 at Monterrey, Nuevo León, Mexico.

15

16

17                                  Carlos Alberto Coronado Acosta

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  FLETCHER C. ALFORD  (SBN:  152314)
   falford@gordonrees.com
2  PHILLIP K. WANG  (SBN:  186712)
   pwang@gordonrees.com
3  RYAN B. POLK (SBN: 230769)
   rpolk@gordonrees.com
4  GORDON & REES, LLP
   275 Battery Street, Suite 2000
5  San Francisco, California  94111
   Telephone:     (415) 986-5900
6  Facsimile:     (415) 986-8054

7  Attorneys for Plaintiff
   PUNTO OMEGA S.A. DE C.V.

8
                    UNITED STATES DISTRICT COURT
9
          NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
10

11  PUNTO OMEGA S.A. DE C.V., a Mexican          )  CASE NO. 08-CV-03190-PJH
    corporation,                                 )
12                                               )  **[PROPOSED] ORDER GRANTING**
                             Plaintiff,          )  **PLAINTIFF'S MOTION TO**
13                                               )  **RECOGNIZE FOREIGN JUDGMENT**
            vs.                                   )
14                                               )  Date:   October 29, 2008
    JUAN ROBERTO BRITTINGHAM-                    )  Time:   9:00 a.m.
15  AGUIRRE a/k/a JOHN ROBERT                    )  Place:  Ctrm. 3, 17th Floor
    BRITTINGHAM-AGUIRRE, an individual,          )          450 Golden Gate Ave.
16                                               )          San Francisco, CA 94102
                             Defendant.          )  Judge:  Hon. Phyllis J. Hamilton
17  _____)

18       The motion of Plaintiff Punto Omega S.A. de C.V., a Mexican corporation ("Punto

19  Omega") for an order recognizing a foreign judgment came on for hearing before this Court,

20  _____, appearing for Plaintiff and _____ for Defendant.

21  After consideration of the briefs and argument of counsel, and all other matters presented to the

22  Court, IT IS HEREBY ORDERED that Punto Omega's motion is GRANTED.

23
         Dated: _____, 2008
24

25
                                          _____
26                                        The Honorable Phyllis J. Hamilton

27

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111